### KEYES *against* CHAPMAN.

A creditor having taken out an execution returnable within sixty days, may lawfully alter it, without application to the clerk, so as to make it returnable to the next court.

This was an action of ejectment, tried at *Brooklyn*, *September* term, 1825, before *Bristol*, J.

The plaintiff claimed title, by virtue of the levy of an execution in his favour against the defendant. The execution was dated the 17th of *August*, 1820, and was originally made returnable "*within sixty days next coming;*" but before it was levied, these words were erased. It was proved, by the testimony of witnesses, that the erasure was not made, by the clerk, or with his consent, or knowledge; but the execution was delivered to the plaintiff, or to the officer, who executed it, without the erasure. The judge charged the jury, in opposition to the claim made by the defendant, that although they should find, that the erasure was made after the execution was taken out, and by some person other than the clerk, without his con-

*Windham,*
July,
1823.

*Keyes*
*v.*
*Chapman.*

sent or knowledge, the plaintiff was by law entitled to a verdict. The jury having returned a verdict for the plaintiff accordingly, the defendant moved for a new trial, on the ground of a misdirection.

*Holbrook* and *Judson,* in support of the motion, contended, 1. That a material alteration of any writing, by a stranger, or an immaterial alteration, by the party, renders it void.

2. That the alteration in question was a material one, as it varied the return-day of the execution.

3. That the rule of law in relation to executions, is, at least, as strict as it is with regard to writings generally. The clerk, considered as the organ of the court, is the only person authorized to issue an execution; and an alteration in the return-day, or the direction, by another person, destroys it. It is no longer an official instrument. The party may, indeed, elect one of the two forms of return; but after he has taken the execution, he can no more alter it, than he can alter the record of the court.

*Goddard,* contra, after stating the general question, *viz.* whether a title to land set off on execution was rendered invalid, by the alteration mentioned in the motion, contended, 1. That the principle on which the alteration of private writings rendered them void, was not applicable to an execution.

2. That this alteration was in an immaterial part; the extension of the time for making the return being in favour of the debtor.

3. That the statute having given the creditor the option of making his execution returnable within sixty days, or to the next court, he may lawfully exercise this right after the issuing of the execution. The statute readily admits of such a construction; and it has general practice in its favour. *Stat.* 55. *tit.* 2. *s.* 73. What evils can result from the alteration's being made by the creditor, rather than by the clerk?

HOSMER Ch. J. The cases which have been cited, relative to the common law doctrine, in respect of erasures, have no bearing on the enquiry before the court, regarding the construction of a statute. As little relevancy is there in the determinations to the point, that the direction of an execution to an officer cannot be made by the party. This is an official act of the clerk, who issues the execution; and to render it applica-

*Windham,*
*July,*
*1823.*

Keyes
*v.*
Chapman.

ble there must first be a begging of the question, that is raised for discussion. Every execution is, by the statute, made returnable within sixty days from its date, or to the next court, at the election of him who prays it out. *Stat.* 55. *tit.* 2. *s.* 73. The time when the election must be made, is not specified; and it is no unreasonable construction of a law so indefinite, that the creditor, who has taken out his execution in the usual form, returnable within sixty days, may enlarge the period of return, at his pleasure.

Were the enquiry before the court *res nova*, it would scarcely be worth the discussion, whether the expression " within sixty days" should be expunged, by the clerk of the court, or by the creditor. By law, the clerk cannot, by virtue of his official power, make the execution returnable otherwise than within sixty days. Should the creditor elect, that it be returnable to the next court, he must communicate his choice to the clerk, and the act of the latter will be the act of his agent; of one who cannot act, except by his direction. Had the statute required the clerk to make a record of the manner in which the execution is issued, some security from fraud might arise, by his performance of the act in question. But as on this subject, there is no legal obligation upon him, it is of no essential importance, whether the erasure of the expression " within sixty days," which makes the execution returnable to the next court, is done by him, or another person.

It has been a practice, very general, and, for aught I know, universal, for the execution creditor, to expunge the words, " within sixty days," and thus to prolong the return of the execution, to the next court; and from this proceeding, I have never heard that any inconvenience has arisen. The construction of the law, which the above practice implies, was probably cotemporaneous with the statute; and at this time, to adopt a different exposition, would, probably, subvert many titles, and produce incalculable mischief. Nothing short of inconveniences, the most palpable, would warrant a deviation from the above practical construction. As no such inconveniences exist, and the most pregnant disadvantages would result from the exposition of the act, as now contended for, I would adhere to the construction, that has been sanctioned by usage.

The other Judges were of the same opinion.

**New trial not to be granted.**