DAVID YUDKIN *vs.* ROBERT O. GATES, SHERIFF.

New Haven and Fairfield Cos., April T., 1891. ANDREWS, C. J., LOOMIS
SEYMOUR, TORRANCE and FENN, Js.

The right of appeal from a lower court to the Supreme Court, given by
Gen. Statutes, § 1129, depends upon the fact that the appellant is a
party to the suit and not upon a determination of the question whether
he is aggrieved by the decision appealed from.

Upon a writ of habeas corpus, where the plaintiff is held in custody upon
a mittimus, the sheriff is the proper party defendant.

Gen. Statutes, § 3392, provides that "no person shall be committed to prison
without a mittimus, signed by a proper magistrate, declaring the cause
of commitment;" and sections 672 and 675 provide that no justice of
the peace shall "act" in any cause where he is attorney for either
party or has a pecuniary interest in the suit. A justice of the peace
who was attorney and bondsman for costs in a suit brought by *A*
against *B*, and bondsman for costs for *C* in another suit against *B*, in
which suits *B's* body was attached, signed a mittimus in each case
committing *B* to jail for failing to give bail for his appearance in
court. Upon a writ of habeas corpus brought by *B* it was held—

1. That by the term "act" in the disqualifying statutes referred to, judi-
cial action alone was not intended, but every act or proceeding in a
suit.

2. But that the act of signing the mittimuses in the present case was a
judicial act, inasmuch as it required a finding by the magistrate of the
cause of commitment.

3. That the mittimuses were therefore not signed by a "proper magis-
trate," and were of no validity.

It seems that the mittimuses, being valid on their face, would protect the
officer.

The signing of mesne process by magistrates disqualified to act in the suits
is upheld by long and settled usage.

[Argued in advance of the term, on March 6th, and decided April 21st,
1891.]

HABEAS CORPUS in the Court of Common Pleas of New
Haven County. Heard before *Deming, J.,* and judgment
rendered for the plaintiff. Appeal by the defendant. The
case is fully stated in the opinion.

*J. W. Alling,* for the appellant.

*C. Kleiner,* for the appellee.

FENN, J. This is a writ of *habeas corpus* in favor of David Yudkin, and against the sheriff of New Haven County, who made return to the Court of Common Pleas for said county that he held the body of the plaintiff by virtue of two warrants of commitment, issued upon two actions at law, by F. W. Holden, justice of the peace. The hearing was had upon the agreed statement of facts " that at the time of signing the mittimuses said Holden was the bondsman in both actions, that he was then the attorney of the plaintiffs in one of the actions, and that he was not otherwise interested in the suits." The court found that Holden was disqualified and not a proper magistrate, and that therefore the mittimuses were illegal and void, and ordered that the plaintiff be discharged ; from which judgment the defendant appealed, both parties signing a stipulation that the case should be argued at this session of this court. A motion to dismiss was filed, on the ground that the defendant Gates could be in no way aggrieved by the judgment, no costs having been taxed against him, being, by the fact that the mittimuses were valid on their face, protected from any action against him for holding the plaintiff thereunder ; that he had no natural right to the custody of the plaintiff, and so far as the defendant was concerned the only judgment is that the plaintiff be discharged ; that it was to be presumed that all parties whose interests could be affected by the judgment had actual notice and might have availed themselves of their statutory right to be made parties ; that, at any rate, in questions of jurisdiction the parties to the record determine the controversy ; and that therefore the defendant was not, under the provisions of General Statutes, § 1129, entitled to appeal, and this court was without jurisdiction. It was decided that the question presented by this motion should be argued with the appeal and the decision reserved.

We think the motion should be denied. The statute referred to provides that if either party *thinks himself aggrieved*, he may appeal. This language plainly expresses, what we should hold to be the rule had the words " thinks himself" been omitted, namely, that the right to appeal depends upon

the fact of being a party, not upon whether it shall finally be determined that the decision is one by which he is aggrieved. Any other construction would involve the decision of the question raised, in a preliminary hearing as to whether it could be raised. The plaintiff does not deny that the defendant is a party. He was expressly made so, and the only one, by the plaintiff himself. If he was not a party, there was none except the plaintiff in the court below. Besides, we think that the sheriff is the real and proper defendant in such cases. It is the universal practice to make him such. It would not be necessary, in order to constitute him a proper party to the action, that he should have a pecuniary interest in the controversy, but it would be easy to see that he has or might have.

Coming to the main question in the case, we think the decision of the court below should be sustained; that Justice Holden was disqualified both by statute and at common law, and was therefore not a proper magistrate to issue the mittimuses under General Statutes, § 3392. By statute, under both sections 672 and 675, being attorney in one case, and the bondsman for non-resident plaintiffs in both, he was disqualified from acting. It was the claim of the defendant that by the word *act*, as used in these sections, judicial action in the actual trial of the case was meant. But this precise question has been decided otherwise in *New Hartford* v. *Canaan*, 52 Conn., 166, where this identical expression, in what is now the last part of section 675, was construed, and the court says:—" This language is so exceedingly broad, embracing in terms any act and any proceeding, that we do not feel at liberty to accept the ideas of the plaintiffs' counsel and restrict its application exclusively to an actual trial in court before the interested magistrate." The distinction between that case and the present is, that in the case cited this construction was used to prevent disqualification ; in the present it will cause it ; but we think, when the object of such statutes, which is, as was said in *Dodd* v. *Northrop*, 37 Conn., 216, to " secure the utmost fairness and impartiality," is considered, that (as is also suggested in that

case), the construction which is in furtherance of that object should be most liberal.

As before stated, we think the justice should be disqualified at common law, but we need not pursue the subject further than to cite the case of *Doolittle* v. *Clark*, 47 Conn., 316, the principle of which decision appears to be applicable to the present case.

We are fully aware that the broad construction which we have given to sections 672 and 675 of the statutes may appear to warrant the contention that the mere signing of writs of mesne process, whether of attachment or summons, is within the prohibition of the statutes. Indeed, we are by no means certain that we should hesitate to so hold, provided we felt at liberty to treat the question as of first impression. It would not, however, even be possible to so consider it. The uniform practice of the bar, and of all officers having authority to sign writs, has at all times been, and continues to be, opposed to such construction. The controlling force of such long continued practice is matter of elementary law. 1 Swift's Dig., 12, par. 16 ; *Keys* v. *Chapman*, 5 Conn., 171 ; *Gould* v. *Smith*, 30 id., 88 ; *Nugent* v. *Wrinn*, 54 id., 275 ; *State* v. *Hoyt*, 46 id., 338 ; *State* v. *Nyman*, 55 id., 18 ; *Flynn* v. *Morgan*, 55 id., 142 ; *In re Bion*, 59 id., 385. No such practice, so far as we know or believe, affects the consideration of the question now before us. Certainly from the nature of the transaction it would, if it existed at all, be necessarily comparatively very limited. Besides, there may be said, in support of the popular construction as to original writs, that it has always been understood and held that under our somewhat peculiar practice the signing of mesne process is a purely ministerial act. *Windham* v. *Hampton*, 1 Root, 175. The General Statutes, § 892, authorizes such signature by commissioners of the Superior Court, who are in no sense judicial officers, and as sections 672 and 675 relate only to justices of the peace, the literal construction of these statutes, if held to extend to the simple signing of writs of summons or attachment, would disqualify a justice from the performance of acts which a commissioner of the

Superior Court would not be disqualified to perform. Indeed, in the history of the statute, now section 672, it may be noticed that by an amendment, passed in 1882, the words " or signed " were included, thereby expressly making the signing one of the acts in relation to the writ, declaration or complaint, which disqualified a justice of the peace, and that the striking out of these two words was the sole object of a re-enactment in 1884 ; while, on the other hand, it may be said in passing, that the last clause of section 672 clearly indicates that disqualification is not to be confined to the trial of the action, since a minor degree of interest, or a more indirect one, is declared sufficient to disqualify from that act.

The transaction under consideration is of a different character and not solely ministerial. The statute, section 3392, provides that no person shall be committed to prison without a mittimus. The object of the statute is not material ; the requirement is absolute. The mere signing of a mittimus may be as purely ministerial as the signing of a writ of attachment or summons, if that were all ; but it is not all. It may be also true that, as applied to a civil action, it is ancillary to the original writ. So indeed is an execution, to which it is much more clearly assimilated than to the original process, for like the execution, and unlike the writ, it is based upon, it presupposes, something in the nature of a judicial act—a judicial, or at least a quasi judicial finding. Every mittimus requires this. Therefore it is that they must be signed, not by a mere commissioner of the court, but by a proper magistrate. Gen. Statutes, § 3392. In 1 Swift's Digest, 607, it is said, speaking of a mittimus of the kind under consideration :—" If the person so attached is unable, or neglects or refuses, to procure bail for his appearance at court, the officer holding him *must* apply to some justice of the peace, who *may* grant a mittimus, by which he *must* commit him to jail." The absolute *must*, in both instances, relates to the officer ; the discretionary or judicial *may*, to the justice. As above stated, every mittimus requires, as a precedent, a finding. If it issues in a criminal case, it requires a conviction, a binding over for want of bonds, or,

when not bailable, on probable cause found, or for want of bonds on appeal taken. If for sureties of the peace, as in *In re Bion*, 59 Conn., 372, under Gen. Statutes, § 695, that the complainant has just cause to fear, and that the accused has refused to find sureties. This finding may, as the nature of the case warrants, be made either by a court, magistrate or jury, and the mittimus may be signed by such magistrate or by the clerks of courts having such officer acting under and by authority of the court. But it is based upon, and can only come into existence as based upon, some precedent judicial act or finding. So also in civil actions, the execution issued upon final judgment, in a case where the body is liable, is itself in terms a mittimus, (Gen. Statutes, § 1155,) and can only be issued by the judge or clerk of the court, as the act of the court which made the finding which performed the judicial function of which such mittimus is the culmination. So, in the case of commitment on application of bail or surety, (Gen. Statutes, § 962,) the statutory procedure requires application to a justice of the peace in the county, the production of bail bond, or evidence of being bail or surety, and verification of application by oath or otherwise. So finally, in the case under consideration, the justice in fact found, as the record discloses, that the plaintiff's body had been attached by the officer by virtue of a writ of attachment, that he neglected and refused to give bail for his appearance, and that a reasonable time had been allowed him therefor; all of which, being conditions necessarily precedent to a commitment, require to be found, and in the finding and recital of which the justice followed, in identical language, the form sanctioned by universal and immemorial practice in such cases, and found in 2 Swift's Digest, 848. It is because we think that the interested justice ought not, upon any construction of the statutes, or by the principles of the common law, to be qualified to make such finding, any more than we think he would have been, with equal interest, to commit to reformatories, in cases where no appeal lay from his judgment, like *Reynolds* v. *Howe*, 51 Conn., 472, that we hold the act performed by the

justice, although no appeal lay therefrom, and perhaps the plaintiff had no right to be heard thereon before the justice, to be judicial in character, and, by reason of his disqualification, not within his jurisdiction, and therefore void. Though the mittimuses, being valid upon their face, would, we think, protect the officer.

There is no error in the judgment complained of.

In this opinion ANDREWS, C. J., and SEYMOUR, J., concurred. LOOMIS and TORRANCE, Js., dissented.