IN RE PREMIER CYCLE MANUFACTURING COMPANY.

*First Judicial District, Hartford, March Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Under the statutes of this State a receiver may be removed at any time,
at the pleasure of the court; or, if the court is not actually in session, and the exigencies of the case require it, by any judge of the
Superior Court, after due notice given.

Five days' notice to a receiver of a petition for his removal, is due
notice.

Notice of such petition should be given to the plaintiffs and defendant
in the receivership suit; but if they have actual notice, interpose no
objection and take no appeal, the defect cannot avail the receiver
upon his appeal from an order removing him.

Notice of such petition to every creditor who has proved his claim is
not necessary.

In the present case the petition alleged that the receiver had neglected
to pay certain bills which he had been ordered by the court to pay,
but contained no other specific charges of negligence. The receiver
answered, denying the negligence charged, and alleging that he had
never done or omitted any act the doing or omission of which was
prejudicial to the interests committed to his charge; that he had
never disregarded any orders of court, but had sought its authority
in advance of every important step. These allegations the petitioner
denied. *Held* that upon these pleadings the door was open to a
full investigation of all the doings of the receiver, and of whatever
might affect his fitness to discharge the duties of his position.

A receiver has no vested right of office, and cannot appeal, either as
receiver or in his personal capacity, from an order of removal by a
tribunal having jurisdiction.

A judgment removing a receiver will not be reversed because a finding,
prepared for the purpose of an appeal, and collateral to the judgment, contains certain expressions importing the personal liability
of the receiver for debts contracted and losses incurred in the continuance of the business. Such conclusions of the trier form no
part of the judgment of removal, and cannot be used against the
receiver upon any subsequent accounting, or in any other suit.

The denial of an application of a receiver for authority to sell certain
property of the estate at auction, rests in the sound discretion of
the trial judge.

Conduct of a receiver prior to his appointment may be relevant to show

* Transferred from third judicial district.

that his personal interests conflict with those of general creditors, and that he is for that reason not a fit person to continue as receiver.

It is only under exceptional circumstances that the principal manager of an insolvent company can with propriety be made its receiver; and such an appointment should never be made where his personal interests may conflict with those of creditors.

Counsel for the original receiver ought not to be permitted to act for his successor in office, in any inquiry in which the administration of the original receiver is attacked.

[Argued March 2d—decided March 24th, 1898.]

APPLICATION for the removal of the receiver of the Premier Cycle Manufacturing Company, made to the *Hon. George W. Wheeler*, a judge of the Superior Court, in vacation, in a case pending in that court for Fairfield County; facts found and judgment rendered in favor of the applicants, and appeal by the receiver in his representative and individual capacity, for alleged errors in the rulings of the court. *No error.*

The order of removal was as follows: "Ordered, that John C. Cassidy be forthwith removed from the position of receiver of the Premier Cycle Mfg. Co., and that he forthwith turn over to his successor in office everything which has come into his possession and hands as such receiver, including therein all books and papers and correspondence appertaining to such receivership.

"Ordered, that John C. Cassidy, heretofore receiver of the Premier Cycle Mfg. Co., forthwith prepare and file with the clerk of this court, a full and complete account of all his doings as receiver of said company, and that John C. Cassidy shall not be discharged of all or any of the liabilities resulting from or obligations incurred by said receivership, until said account shall be accepted and approved by the Superior Court or a judge thereof, and until the further order of said court or a judge thereof. *George W. Wheeler*, a judge of the Superior Court."

The appointment of the appellant had been made in 1896, upon a petition by himself and others, being more than one third of the stockholders of the company, alleging that it was financially embarrassed, but had assets more than sufficient, if properly administered, to pay all creditors, and asking that

a receiver might be appointed to take charge of, manage and dispose of the same and wind up its affairs, for the benefit of all parties interested.

The order of appointment, made September 18th, 1896, authorized him to continue the manufacturing business of the company, subject to the orders of the court, employing necessary help and purchasing necessary materials. On July 6th, 1897, a further order was passed that the business be closed up by September 28th, 1897, and "that the receiver pay forthwith all bills for rent and labor now due, and all bills of such character to become due, immediately upon their becoming due."

On July 24th, the rent for the preceding month of the factory formerly occupied by the company, and, since his appointment, by the receiver, being unpaid, the landlord and sundry workmen employed by the receiver, whose wages were unpaid, brought a petition for his removal for violation of the order of July 6th and for negligence in the performance of his duties as receiver. The sums due these petitioners were due and payable prior to July 6th. The receiver made answer that he had not, as such, on July 6th or ever since, any funds wherewith to execute the order, and had conducted the business throughout, from the time of his appointment, without negligence, and with all due care and skill. The order of removal was passed after a full hearing as to all these matters.

A memorandum of the grounds of the decision was filed on August 3d, stating that the receiver's conduct, including among other things, his failure to pay the rent and wages due on July 6th, and his continuing the business since that date at a loss, had made him personally responsible for the loss to the estate. At his request a special finding of the facts upon which the order was passed was subsequently filed. This stated, among things, that he had no money in his hands, as receiver, on July 6th, 1897, and had received none since; and that he had continued the business since that date at a steady and increasing loss, in reliance on the success of a scheme of financial reorganization, which he had

been working upon ever since his appointment, but which had, before July 6th, taken such shape as to be practically hopeless.

At the hearing he claimed that the only question to be considered was whether he had been chargeable with negligence or disobedience to the order of July 6th, in not paying the demands of those petitioning for his removal; which claim was overruled. He also claimed that the want of a longer time for the preparation of the case, and the want of notice to stockholders and creditors, prevented the receiver from adequately trying it, and in particular prevented him from presenting, as he believed he could, the formal protest of all the stockholders and of nearly all the creditors, against his removal.

The only notice ordered and formally given of the petition for removal was notice to him, as receiver, but the finding stated that all the parties of record in the action were either present at the hearing or had actual notice thereof, except three creditors; that these three, the judge believed, had actual notice; and that none had objected for want of notice. The order of notice was made July 24th and served on July 25th, the hearing being set for July 30th.

The receiver also claimed at the hearing, among other things, that no ruling could be made in this proceeding that he was personally liable for any obligations incurred by him as receiver; that want of funds was a sufficient reason for not paying the petitioners' demands; that one who contracts with a receiver officially cannot hold him personally liable; and that though acting as the representative of the court, if his removal and discharge is sought, he is nevertheless entitled to reasonable notice of such application; and if it is sought on the ground of his misconduct, he should not only have reasonable notice, but the grounds upon which his removal is sought should be specified and served upon him with such notice, in order that he may have an opportunity to be heard.

The finding contained this statement: " I considered, and so stated in the memorandum filed, that the facts proven

established that the receiver ought to make good to the estate the loss incurred by his misconduct, but the only ruling made or order passed was that of removal. Thereafter I passed orders designed to protect the estate. Except as above stated, I did not overrule the claims made by the receiver's counsel, but regarded them in the main as inappli cable to the case before me."

*John S. Seymour*, for the appellant (the receiver).

The court erred in holding that the evidence could be applied for the purpose of securing the removal of the receiver on other grounds than the non-payment of rent or of labor bills. This was the specific charge in the petition, and to this charge the evidence should have been confined. *Dougherty* v. *Jones*, 37 Ga. 348; *Howard* v. *Lowell Machine Co.*, 75 id. 325; 20 Amer. & Eng. Ency. of Law, 218–220; *Burns* v. *Stewart Mfg. Co.*, 31 Hun, 195; *Campbell* v. *Spratt*, 5 Weekly Dig. 25. A receiver should not be removed or placed in contempt of court for non-compliance with an order which it is impossible for him to perform, unless his inability is caused by dishonesty or gross breach of trust. *Dempsey* v. *Deven*, 1 Brad. 490; *Weeks* v. *Smith*, 3 Abb. Pr. 211; *McCartin* v. *Syckel*, 10 Bosw. 694; *Clark* v. *Bininger*, 75 N. Y. 349. The removal of the receiver in the manner in which he was removed and for the supposed cause for which he was removed, was an abuse of judicial discretion of such a character that in itself it is thereby made an appealable question. *Meyer* v. *Cullen*, 54 N. Y. 397; *Tripp* v. *Cook*, 26 Wend. 152; 2 Ency. of Pl. & Pr. 415, 416, 417; *In re Livingston*, 34 N. Y. 582; *People* v. *Common Council*, 78 id. 56.

*George P. Carroll*, for the appellees (the applicants et al.).

A receiver is a *quasi* officer appointed by the court for the purpose of taking charge of, managing and disposing of property under the direction of the court; he is not appointed for any definite time or period; he acts under the direction of the court; he has no vested right to his office, and holds his appointment during the pleasure of the court

only; the court may remove him at any time upon application, or of its own motion without application, whenever it deems that it is for the interest of the estate in its charge to do so; and such appointment and removal is within the discretionary power of the court, and will not be disturbed by the appellate court. Gen. Stats. § 1319; Pub. Acts, 1895, Chap. 108; *In re Colvin*, 3 Md. Ch. 302; *Connoly* v. *Kretz*, 78 N. Y. 620; *First Nat. Bank* v. *Barnum Wire, etc., Works*, 60 Mich. 487; Beach, Rec. 286, 781; High, Rec. (3d ed.) 114, 825; Gluck & Becker, Rec. § 114; 20 Amer. & Eng. Ency. of Law, 71, 107, 198, 225; *Ferry* v. *Central Bank of N. Y.*, 15 How. Pr. 446; *McCullough* v. *Merchants L. & T. Co.*, 29 N. J. Eq. 217; *Crawford* v. *Ross*, 39 Ga. 44; *Sings* v. *New York C. S. Co.*, 28 How. Pr. 481.

BALDWIN, J. A receiver, under our statutes, is subject to removal at any time, at the pleasure of the court. General Statutes, § 1319. When it is not actually in session, any judge of the Superior Court, should the exigencies of the case require it, may also remove him, after due notice given. Public Acts of 1895, p. 499, Chap. 108.

Due notice was given to the appellant of a petition for his removal. Five days was ample time for the preparation of his defense. It is assigned for error that the order did not direct notice to be given to the parties to the action. This should have been directed as to both the plaintiffs and the defendant; but as they in fact received actual notice before the hearing, interposed no objection for want of formal service, and have taken no appeal, the defect constitutes no ground of reversal, upon this proceeding. Notice to every one of the creditors who had proved their claims was not necessary.

The order of notice was for a hearing upon a certain petition, a copy of which was to be served on the receiver. That petition contained no specific averments of negligence or misconduct other than those as to his failure to pay the bills which he had been directed to pay by the order of July 6th. Without asking for any more particular specifica-

tion of what it was intended to put in evidence, the receiver answered at length, denying the charge of negligence, setting forth the whole history of his management from the beginning, and affirming that he had "never intentionally done any act or omitted any act, the doing or omission of which was prejudicial to the interests committed to his charge; and that in particular he has never disregarded any of the orders of the court; that he has done no important act without seeking the authority of the court in advance." To this answer the reply was a general denial.

Upon this state of the pleadings, the trial judge was not confined to the question whether the order of July 6th had been disobeyed. The answer had opened the door to the investigation of all the doings of the receiver, from his original appointment to the time of the hearing, and of whatever might bear on his fitness to discharge the duties of his position.

The appellant therefore had due notice of the petition for his removal and of the grounds upon which an order of removal might be based. Jurisdiction to make the order having been thus acquired, the receiver could not, either as such or individually, appeal from it, on the claim that these grounds were insufficient. He had no vested right of office. If any interests were prejudiced by his removal, they were those of the parties to the action or intervening creditors, none of whom have taken any exception to it. *In re Colvin*, 3 Md. Ch. 278, 302. In many matters, a receiver may be treated as representing those entitled to the fruits of the action in which he is appointed, even for purposes of appeal from final orders in interlocutory proceedings. *Guarantee, etc., Co.* v. *Philadelphia, etc., R. Co.*, 69 Conn. 709. But it would be an inadmissible extension of this doctrine to allow him to except, in his representative capacity and at the expense of the estate, to his removal from office. *Conner* v. *Belden*, 8 Daly, 257.

The judgment appealed from does not set forth any finding of facts for its support. None was required. The Superior Court, of which the appellant was an officer, could remove

him at pleasure. The authority of a judge of that court, acting when it is not in session, is the judicial authority of that court exercised at chambers. *Norwalk Street Ry. Co.'s Appeal*, 69 Conn. 576, 602. On this proceeding, the judge was bound to give due notice, before taking action, to the parties interested; but when this was done, and they were fairly heard, he had the same power of removal at pleasure, in view of whatever this hearing might bring out, as if he had been holding court at a regular term.

A special finding of facts was afterwards made at the appellant's request, on which to predicate his appeal. In this paper, and in a memorandum of decision, to which it refers, there are expressions which he claims may be construed to import that he is personally liable for the bills referred to in the order of July 6th, and for any loss to the estate in consequence of his continuing the business of the company beyond the time when, in the opinion of the trial judge, it should have been closed up.

No adjudication on these points was made by the order of removal, and none of a final nature could be made in the finding of facts. A receiver may appeal in his individual capacity from an order which determines that after his discharge from office he will be personally liable for obligations which he contracted officially. *Hinckley* v. *Gilman, etc., R. Co.*, 94 U. S. 467; *Payne* v. *Dejean*, 32 La. Ann. 889. But even if the finding could be held to bear the meaning apprehended, the appellant could not be aggrieved by it. The evidential facts and conclusions which it set forth spent their force when the ultimate conclusion was reached by the trier, that there ought to be a change of receivers; and they could not be used against him upon any subsequent accounting, or in any other suit. *Kashman* v. *Parsons*, 70 Conn. 295.

These considerations are also decisive against the right of appeal claimed on the ground that the finding of facts states that he mismanaged the property in various particulars, and in this way may be damaging to his business reputation. He sought the finding, and if he has caused to be spread upon the record conclusions of the trier which would

In re Premier Cycle Mfg. Co.

not otherwise have been disclosed, cannot make it a reason for reversing a judgment of which they formed no part, which they were not needed to support, and upon which no estoppel in respect to them could ever be predicated.

During the hearing on the petition for his removal, the receiver applied to the trial judge for an order authorizing him to sell certain property of the estate at auction, and from the proceeds to pay the debts which he had contracted in the management of the business. This was denied, and the denial is made a ground of appeal. It was a matter resting in the sound discretion of the trial judge, and nothing is shown to indicate that that discretion was abused.

There are numerous exceptions to the finding, and to the refusal to incorporate in it certain matters which the appellant claims to have been established by incontrovertible evidence, upon which we have no occasion to pass. For reasons already stated, the finding, even were it corrected as he desires, could not support the appeal.

One of these exceptions may merit a word further. It is that taken to the statement that shortly before his appointment, and when the company was hopelessly insolvent, the appellant, being the vice-president and manager, combined with his associates in office, they being with him liable as indorsers on company notes held by a bank, to give a preferential mortgage to secure the bank, and thus themselves; and that this transaction was not stated to the judge from whom his appointment proceeded. This, it is claimed, was irrelevant to the question whether the appellant had properly administered the affairs of the receivership. It was plainly relevant to the question whether he was a fit person to hold a position from which, if at all, that mortgage could be or could have been attacked in the interest of the general creditors; and therefore came within the proper field of inquiry. It is only under exceptional circumstances that the principal manager of an insolvent company can with propriety be made its receiver; and such an appointment should never be made where his personal interests may conflict with those of creditors.

VOL. LXX—31

It may be added that, were there ground for any exception, it should have been taken, not to the statement of these facts in the finding, but (as by other reasons of appeal it virtually was) to the admission of the evidence in respect to them at the hearing, or to their use as a basis for the judgment of removal.

During the argument before this court objection was made, in behalf of the appellant, to the appearance against him here of counsel for his successor in the receivership who had been his own counsel while he was receiver. Had the objection come earlier, it would have been sustained; but it was not interposed until the second term, and after the same counsel had been heard at length upon a preliminary motion. The relation of counsel and client is one of so great confidence that, though the client may occupy such an official position as to represent the court, his successor in office, without his free consent, ought not to be permitted, even with the sanction of the court (which, we are informed, was here given), to avail himself of the services of the same counsel in any inquiry as to whether the previous administration was properly conducted. Particularly is this true where, as in this case, the counsel for the first receiver had before been counsel for him personally, and brought, as such, the action in which a receivership was sought.

There is no error.

In this opinion the other judges concurred.