EDWARD H. ROLLINS *vs.* IDA B. HOLCOMB,
ADMINISTRATRIX, ET AL.

HINMAN, BANKS, AVERY and BROWN, Js.[*]

Argued January 5th—decided February 4th, 1937.

*Arthur E. Howard, Jr.,* for the plaintiff.

*S. B. Leikind,* for the defendant administratrix.

PER CURIAM. This action for foreclosure of a second mortgage upon premises of the named defendant's decedent, Amos R. Holcomb, was returnable to the Superior Court in Hartford County on the first Tuesday of September, 1934. The answer was a general denial and, by amendment, a plea of payment. The defendants also filed a cross-complaint claiming an account, discovery of the amount of payments claimed to have been made, and a release of the mortgage if, on accounting, it appeared that the note which was secured thereby had been satisfied. The case was referred to a state referee who filed a report on March 28th, 1935, which, upon remonstrance by the plaintiff, was recommitted to the referee, whose second report was filed November 7th, 1935, finding the issues of fact in favor of the plaintiff. A remonstrance by the defendants was overruled March 17th, 1936, and judgment of foreclosure was entered September 28th, 1936.

[*] By agreement of counsel the case was argued before and decided by four judges.

From this judgment the present appeal was taken. In the meantime the first mortgagee, the Federal Land Bank of Springfield, on March 26th, 1935, brought an action for foreclosure of its mortgage, making Rollins, as second mortgagee, as well as all the defendants in the present action, defendants therein. Judgment was entered November 1st, 1935, the law days set for defendant Holcomb being January 6th, 1936, succeeding days for other defendants and for Rollins January 9th, 1936, and no appeal was taken therefrom. The judgment provided that title to the premises should vest absolutely in any incumbrancer redeeming, subject only to prior unpaid incumbrances. None of the other defendants redeeming, Rollins exercised his right of redemption and under the terms of the judgment his title thereupon became absolute.

It thus appears that during the pendency of the present action Rollins, by the final judgment in the Federal Land Bank suit and his redemption thereunder, obtained full and complete title to the premises and all of the present defendants by failure to redeem were barred and foreclosed from title therein. It also appears that the only issue interposed in the present action by these defendants was the existence of Rollins' second mortgage as an incumbrance on the premises, their prayer for affirmative relief being for a release thereof if the note be found to have been satisfied. The consequence is that even if they should succeed in their appeal and ultimately obtain a reversal of the conclusion upon which the judgment was founded—that the note was not satisfied—and a decree that Rollins' mortgage be released, the full title of Rollins, obtained by his redemption in the Federal Land Bank suit, would remain unaffected unless, as is the main claim of the defendants, they would be entitled to the benefit of a trust impressed, in favor of

those having an interest in a title, in case of acquisition thereof by a stranger or volunteer having no proper right of redemption. Rollins, being the holder of a junior incumbrance of record, was not a stranger, but a proper defendant in the Land Bank foreclosure; also, being compelled to pay a prior incumbrance in order to preserve his own security, he was not a mere volunteer. 60 C. J. p. 801; Wiltsie, Mortgage Foreclosure (4th Ed.) Vol. 1, § 333, Vol. 2, § 1165; 2 Jones, Mortgages (8th Ed.) § 1103; *Wyoming B. & L. Asso.* v. *Mills Const. Co.*, 38 Wyo. 515, 524, 60 A. L. R. 418, 422; *Marks* v. *Baum Bldg. Co.*, 73 Okl. 264, 175 Pac. 818.

As indicated in *New Milford Savings Bank* v. *Lederer,* 112 Conn. 447, 451, 152 Atl. 709, in a foreclosure case in which the validity of a subsequent incumbrance is disputed, judgment may be delayed, in the discretion of the court, until the dispute is determined, or provision vesting title in the holder of the disputed incumbrance in case of redemption by him may be omitted from the judgment, but the failure to grant such delay or make such omission in the Land Bank case was not appealed from, the judgment therein is now unassailable, and the title thereby vested in Rollins by his redemption would not be affected by a judgment in the present action that his note and second mortgage had been satisfied. So, as no practical benefit could follow from the determination of the questions sought to be raised by the appeal, it is not incumbent upon us to decide them. 2 Amer. Jurisprudence, § 151, p. 943; 3 C. J. p. 358. The motion to dismiss the appeal and erase the case from the docket is appropriate and is granted; the plea in abatement and to the jurisdiction is overruled. *Joseph* v. *Donovan,* 116 Conn. 160, 161, 164 Atl. 498; *Ragali* v. *Holmes,* 111 Conn. 663, 151 Atl. 190.