THE WATERBURY TRUST COMPANY, TRUSTEE (ESTATE OF DAVID G. PORTER) *v.* NATHAN T. PORTER ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued November 3, 1943—decided January 19, 1944.

*Charles M. Lyman* and *John M. Comley,* for the appellees (defendants), in favor of the motion.

*Walter F. Torrance,* for the appellant (plaintiff), against the motion.

*Maurice T. Healey,* for the appellant (defendant city of Waterbury), against the motion.

*Harry L. Brooks,* assistant attorney general, appeared for the appellee (defendant the attorney general of the state).

MALTBIE, C. J. The plaintiff, now the sole trustee of a trust provided in the will of David G. Porter, who died in 1905, brought this action, originally or subsequently making defendant all the known heirs-at-law of Mr. Porter, the city of Waterbury and Francis A. Pallotti, the attorney general of the state. The testator directed that when the fund, augmented by possible donations from other sources, should be deemed sufficient, trustees named by him were to establish a school or college on a piece of land in Waterbury forming a part of the trust. The complaint recited that the fund was and in the absence of such donations would for many years be insufficient to carry out the intent of the testator; that the General Assembly had appropriated money for a trade school in Waterbury, its use conditioned upon provision by the city of Waterbury of a proper building and a substantial sum toward the expense of maintaining the school; that the mayor of the city had requested the trustee to turn the fund in its hands over to the proper authorities to be used in connection with the establishment of a trade school; and that the plaintiff had been advised that it could not do this in safety to itself and the rights and interests of others without the advice of the court. The complaint asked an adjudication of the questions raised by this request and a decree advising the plaintiff as to its rights, duties, powers and authority, so that it could execute and administer the trust lawfully and with safety to itself. Certain of the heirs, answering the complaint, claimed that the trust was void. The trial court decided that the fund could not lawfully be used for the suggested purpose, that the trust was void and that the property should be distributed as intestate. From that decision, on September 14, 1943, the plaintiff, the attorney general and the city of Waterbury filed a joint appeal. The ap-

pellees made a motion in this court to erase the appeal as regards the plaintiff and the city on the ground that neither could be "aggrieved" within the meaning of our statute establishing the right of appeal to this court. General Statutes, § 5689, amended, Sup. 1943, § 728g.

*Yudkin* v. *Gates,* 60 Conn. 426, 22 Atl. 776, was an action of habeas corpus against a sheriff to secure the release of the plaintiff, held by the defendant on a mittimus; the plaintiff obtained a judgment in his favor and the defendant sheriff filed an appeal. The plaintiff moved to dismiss it on the ground that the sheriff could not be aggrieved by the order. The court denied the motion, saying (p. 427): "The statute referred to provides that if either party *thinks himself aggrieved,* he may appeal. This language plainly expresses, what we should hold to be the rule had the words 'thinks himself' been omitted, namely, that the right to appeal depends upon the fact of being a party, not upon whether it shall finally be determined that the decision is one by which he is aggrieved. Any other construction would involve the decision of the question raised, in a preliminary hearing as to whether it could be raised." See also *Guarantee Trust & Safe Deposit Co.* v. *Philadelphia, R. & N. E. R. Co.,* 69 Conn. 709, 715, 38 Atl. 792; *McWilliams* v. *Morton,* 97 Conn. 514, 518, 117 Atl. 557; *Miner* v. *Marsh,* 101 Conn. 733, 127 Atl. 513.

On the other hand, in *In re Premier Cycle Mfg. Co.,* 70 Conn. 473, 39 Atl. 800, a receiver appealed from a judgment removing him from office and, while we considered the substantial question arising in the proceeding, we said (p. 479): "In many matters, a receiver may be treated as representing those entitled to the fruits of the action in which he is appointed, even for purposes of appeal from final orders in interlocutory

proceedings. . . . . But it would be an inadmissible extension of this doctrine to allow him to except, in his representative capacity and at the expense of the estate, to his removal from office." See *Avery's Appeal*, 117 Conn. 201, 167 Atl. 544; *Spencer's Appeal*, 122 Conn. 327, 188 Atl. 881; *Hartford National Bank & Trust Co.* v. *Malcolm-Smith*, 129 Conn. 67, 69, 26 Atl. (2d) 234. In *Rollins* v. *Holcomb*, 122 Conn. 664, 190 Atl. 260, certain defendants in a foreclosure action sought to appeal from a judgment in favor of the plaintiff mortgagee, Rollins; it appeared that pending the disposition of an appeal from that judgment an action to foreclose a mortgage on the same premises prior in right to that of Rollins had gone to judgment; Rollins as a subsequent incumbrancer was a party defendant; he redeemed, and so secured title to the premises regardless of the final disposition of the action he had brought; the appeal in that action was dismissed; and the opinion states (p. 666): "So, as no practical benefit could follow from the determination of the questions sought to be raised by the appeal, it is not incumbent upon us to decide them."

It is a fundamental concept of judicial administration that no person is entitled to set the machinery of the courts into operation unless for the purpose of obtaining redress for an injury he has suffered or to prevent an injury he may suffer, either in an individual or representative capacity. 47 C. J. 21, § 30. There is no reason why this principle is not applicable to the invocation of the powers of this court to review judgments of a lower court; and, if a party attempting to appeal can by no possibility suffer injury by the judgment, he should not be permitted to appeal. That was the ratio decidendi of the *Rollins* case. While the statute in effect when this action was brought gave a right of appeal to any party who "shall consider him-

self aggrieved," it is too literal a construction of those words to say that one may appeal even where his thought that he is aggrieved is without any substantial foundation. This is not to call in question the statement in the *Yudkin* case that, if there is any possibility that an appellant may or will suffer an injury by reason of a judgment, this court will not, on a motion to erase or a like proceeding, determine that question. It is true that the last General Assembly amended § 5689 of the General Statutes so that it now gives a right of appeal, not as formerly to a party who "shall consider himself aggrieved," but to a party who "is aggrieved." In the *Yudkin* case we said that our decision would be the same had the statute then read as it now does. That surely must be so, because it could not have been the legislative intent to require the court to determine the merits of the controversy as a preliminary matter, before even entertaining the appeal. But if there is no possibility that a party has suffered or will suffer injury by a judgment there is no sound reason why this court should entertain the appeal.

One who is a party to an action in a representative capacity may have a right to appeal even though he has no personal interest in the controversy, if it is his duty to do so in order to protect the interests of those whom he represents. *In re Premier Cycle Mfg. Co.*, supra; *Musser's Estate*, 341 Pa. 1, 7, 17 Atl. (2d) 411; *Green* v. *Blackwell*, 32 N. J. Eq. 768, 773. Where he is in possession of the trust res, it is his duty to resist actions which might result in a diversion of the property and it may be his duty to appeal from the judgment in such an action. Restatement, 1 Trusts, § 178; and see *Shaw* v. *Spelke*, 110 Conn. 208, 215, 147 Atl. 675; *Reilly* v. *State*, 119 Conn. 217, 221, 175 Atl. 582; 3 Bogert, Trusts & Trustees, § 581; 2 Scott, Trusts,

§ 178. In any action where a judgment has been rendered which will result in the destruction of the trust or the depletion of the trust fund, a trustee has in his representative capacity such an interest that he may properly claim to be aggrieved. *Ripley* v. *Brown*, 218 Mass. 33, 35, 105 N. E. 637; *Wemme* v. *First Church of Christ, Scientist*, 115 Ore. 281, 287, 237 Pac. 674; *Estate of Hubbell*, 121 Cal. App. 38, 40, 8 Pac. (2d) 530. It may be that where a fiduciary brings an action seeking the construction of a will or advice as to his duties, and all interested persons are parties to or represented in the action, he may not have a right to appeal from the decision of the court. See *Jacobs* v. *Button*, 79 Conn. 360, 362, note, 65 Atl. 150; *Dockray* v. *O'Leary*, 286 Mass. 589, 591, 190 N. E. 798. While, in its inception, the action before us was one of that nature, the claim of the defendants that the trust was void, with the judgment of the court sustaining that claim, brings the situation within the principle that, where a direct attack is made upon a trust, the trustee is entitled to appeal from a judgment which would have the effect of destroying it. *Peoples Bank of Bloomington* v. *Trogdon*, 276 Ill. App. 373, 385.

The city of Waterbury was a proper party to the action in the trial court. Had the court decided that the fund might be used for a trade school, the city might have, under the legislative act, a direct interest in the way in which the plan could be worked out. But it is not so affected as to justify an appeal from the decision of the trial court that the provision for the trust was void and that the property should be distributed as intestate. *Bolster* v. *Attorney General*, 306 Mass. 387, 28 N. E. (2d) 475. It is not the function of the city to represent the public interests which would be furthered by the establishment of a school

through the use of the trust fund. *Elias* v. *Steffo,* 310 Mass. 280, 284, 37 N. E. (2d) 991; *Stearns* v. *Newport Hospital,* 27 R. I. 309, 315, 62 Atl. 132.

The motion to erase the appeal is denied as regards the plaintiff but granted as regards the city of Waterbury.

In this opinion the other judges concurred.