DOROTHY PORTO v. FRANK M. DI IUGLIO

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 66699

Memorandum filed April 7, 1947.

*Edward S. Snyder and Beers & Beers,* both of New Haven, for the Plaintiff.

*Martin E. Gormley,* of New Haven, for the Defendant.

QUINLAN, J. This case was tried to a jury, with the late Judge Pallotti presiding. In due and proper time notice of appeal was given. The presiding judge died before the evidence

and charge were transcribed and before the presentation of a draft finding. Time having been expended on the within subject, and so that the effort may not be entirely unavailing, this memorandum, though not decisive, is filed.

"If error consists in rulings upon . . . evidence . . . a finding by the trial court is necessary. " Practice Book § 336. The charge of the court cannot be reviewed without a finding. Conn. App. Proc. § 70. *Nystrom* v. *Barker*, 88 Conn. 382, 385.

The section governing appeals is 728g of the General Statutes Cum. Sup. 1943. Our court has said of the present provision, "It is true that the last General Assembly amended § 5689 of the General Statutes so that it now gives a right of appeal, not as formerly to a party who 'shall consider himself aggrieved,' but to a party who 'is aggrieved'. In the *Yudkin* case [*Yudkin* v. *Gates*, 60 Conn. 426] we said that our decision would be the same had the statute then read as it now does. That surely must be so, because it could not have been the legislative intent to require the court to determine the merits of the controversy as a preliminary matter, before even entertaining the appeal." *Waterbury Trust Co.* v. *Porter*, 130 Conn. 494, 499. It is only where there is no possibility that a party has suffered or will suffer injury that no appeal will be entertained. *Waterbury Trust Co.* v. *Porter*, supra.

Thus, had it not been for the accident or misfortune of death, an appeal would be entertained. It is now claimed that "a review of the errors assigned cannot otherwise be had." This claim is urged under § 5697 of the General Statutes. This section provides for a new trial when the judge or stenographer dies. At the time of the preparation of the motion and at its argument neither a transcript of the evidence nor the charge was ready. The statute says that, if in the court's opinion, "errors claimed to have been committed are of such a nature as fairly entitle the party appealing to a review of such assignment of errors by the supreme court and a review of the errors so assigned cannot otherwise be had, a new trial shall be granted."

It has previously been pointed out that a finding is essential for rulings upon evidence and errors in the charge. Admittedly under § 5597, an exemplified transcript of the shorthand notes of the official stenographer shall be prima facie a correct statement of the testimony and proceeding (which would include

the charge) but it is required that evidence shall be certified by the court. *Papallo* v. *Meriden Savings Bank,* 128 Conn. 289, 291; Practice Book §§ 346, 348 and see §356, last paragraph.

Hence, it may be seen that a review of the errors requiring a finding cannot be had on appeal. Upon an appeal from the denial of motion to set aside verdict, it is also .required that the trial judge shall certify the evidence; Practice Book § 369; so that method cannot be pursued. Nor does a writ of error indicate any relief since it reviews such alleged errors only as are apparent upon the judgment record; *Lippitt* v. *Bidwell,* 87 Conn. 608; and there are none of that nature. A motion for a new trial under § 5701 is circumscribed by the limita' tion of causes therefor, fixed by the statute, and does not cover this situation but is usually used in cases where there is newly discovered evidence, want of actual notice or opportunity to appear, etc. An equitable action does not seem to be indicated. It is obvious then that a review cannot otherwise be had.

Consequently, the other requirement of the enabling statute § 5697, should receive consideration. It provides that the alleg' ed errors shall be "of such a nature as fairly entitle the party appealing to a review." The court hearing the motion for a new trial does not pass on the merits of the appeal. The inquiry is, are the alleged errors "of such a nature" as fairly entitle the party appealing to a review?

When this matter was on the short calendar, the charge and evidence were not available, as before suggested. The de' fendant has had no opportunity to be heard as to these, if in' deed they may be used. Although § 5701 on new trials speaks neither of a petition nor of a motion, the established procedure is upon petition. Section 5697, under which the present pro' ceeding is had, specifically provides for a motion.

On a petition for a new trial our court has said that no pleadings are essential to contradict, but for the purpose of ad' mitting the truth of allegations a demurrer should be used. *Gannon* v. *The State,* 75 Conn. 576, 578. In another similar proceeding before me a demurrer was filed.

My feeling is that complete opportunity for seeing the charge or such evidence as is referred to should be available to defend' ant at time of argument, so that there may be no misunder' standing as to the questions posed for review. It may even be that counsel might desire to file an answer. The issues should be more closely drawn than at present.

As stated at the outset, I have reduced to writing the results of my endeavors as an aid to the present judge at short calendar and for such use as counsel may care to make of the suggestions contained herein.

It is ordered that the matter be returned for a hearing in the light of what has been said.