LYDIA C. KULMACZ *v.* BRUNO F. KULMACZ

LOISELLE, BOGDANSKI, LONGO, SPEZIALE and PETERS, Js.

Argued February 7—decision released May 1, 1979

*Wesley W. Horton,* with whom, on the brief, was *William R. Moller,* for the appellant (plaintiff).

*Gary A. Friedle,* for the appellee (defendant Jean R. Buzanoski, temporary administratrix, estate of Bruno F. Kulmacz).

PER CURIAM. The basic issue presented by the plaintiff on this appeal is the question of which of two dates was the effective date of a decree of divorce granted to the plaintiff from the defendant. The determination of this question could possibly decide the admissibility of a will that the defendant executed between the two dates, because a will may be revoked by a subsequent divorce. See General Statutes § 45-162 (b). We do not reach this issue, however, because of our conclusion that the plaintiff is not an aggrieved party legally capable of appealing the decisions of the referee and the trial court in this case.

The plaintiff, Lydia C. Kulmacz, and the defendant, Bruno F. Kulmacz, were married in 1946. The couple had two children, born in 1951 and in 1955. The plaintiff filed for divorce on June 28, 1971. A divorce was granted thereafter, but it is disputed as to whether the decree of divorce was entered on July 19, 1972, during a hearing before the state trial referee (*Googel, J.*) or on November 13, 1972, after a "conference," when the referee signed the judgment file and filed the memorandum of decision. The defendant executed a will on August 3, 1972, *after* the July 19 hearing but *before* the filing of the judgment and memorandum of decision on November 13. The will excluded the plaintiff and the two children of the marriage; instead, the defendant divided his estate among his three siblings. The will named Jean R. Buzanoski, the defendant's sister, as executrix.

The defendant died May 23, 1977, and on June 13, 1977, Jean Buzanoski was appointed temporary administratrix of the defendant's estate. She sought and obtained (*A. Armentano, J.*) substitution of herself as a party to the divorce in order to "correct" the dates in the judgment file, and thereupon filed a motion to correct. On June 1, 1978, the referee (*Googel, J.*) changed the dates in the file to reflect the date of the hearing, July 19, 1972, and held that "the plaintiff was granted a divorce from the defendant on the ground of intolerable cruelty on July 19, 1972." As a legal consequence, that decision meant that the will of August 3, 1972, was not revoked by the divorce and, barring other infirmities, could be admitted for probate. The plaintiff appealed, claiming, inter alia, that the trial court (*A. Armentano, J.*) erred in allowing the substitution of the temporary administratrix as a

party to the divorce, and that the trial referee (*Googel, J.*) erred in changing the dates on the judgment file and memorandum of decision.

A threshold inquiry of this court upon every appeal presented to it is the question of appellate jurisdiction. *Liistro* v. *Robinson,* 170 Conn. 116, 121–22, 365 A.2d 109 (1976); *Jensen* v. *Nationwide Mutual Ins. Co.,* 150 Conn. 56, 58–59, 185 A.2d 77 (1962); *Waterbury Trust Co.* v. *Porter,* 130 Conn. 494, 498, 35 A.2d 837 (1944); 4 Am. Jur. 2d, Appeal & Error § 178. Although not raised by any party to this appeal, the issue of jurisdiction may be examined by this court on its own motion. *LaReau* v. *Reincke,* 158 Conn. 486, 494, 264 A.2d 576 (1969); *Foss* v. *Foss,* 105 Conn. 502, 512, 136 A. 98 (1927). A requisite element of appealability is that the party claiming error in the decision of the trial court be aggrieved; General Statutes § 52-263; Practice Book, 1978, § 3000; *Rollins* v. *Holcomb,* 122 Conn. 664, 666, 190 A. 260 (1937); Maltbie, Conn. App. Proc., §§ 6-7; for "if a party attempting to appeal can by no possibility suffer injury by the judgment, he should not be permitted to appeal." *Waterbury Trust Co.* v. *Porter,* supra. There are few exceptions to this basic tenet of appellate practice, and those anomalies involve either representatives of parties; *Waterbury Trust Co.* v. *Porter,* supra, 499; 4 Am. Jur. 2d, Appeal & Error §§ 195 et seq.; or persons whose interest, albeit terminated, is " 'capable of repetition, yet evading review.' " *Liistro* v. *Robinson,* supra.

The plaintiff Lydia Kulmacz is not an aggrieved person whose interests will be adversely affected by an unfavorable judgment. On this appeal she has failed to demonstrate that any adverse legal conse-

quence to her would result if the divorce was final in July or in November of 1972. Regardless of the exact date of the divorce in 1972, the plaintiff could not inherit from the decedent under the laws of intestacy because she was not his spouse at the time of his death in 1977. Nor does the record show a controversy before the courts at present concerning her rights under the decree. She has failed to show that she is aggrieved by the decisions of the referee and the trial court. Her status as plaintiff is immaterial, because merely being a party to an action is not sufficient ground upon which to base aggrievement. *Waterbury Trust Co.* v. *Porter,* supra; *Rollins* v. *Holcomb,* supra; 4 Am. Jur. 2d, Appeal & Error § 178. There is nothing in the record to show that the plaintiff has appeared for other interests in a representative capacity; nor is she in a class whose interests have been described as "capable of repetition."

The appeal is dismissed.