This appeal was taken from a judgment in a summary process action for possession of the leased premises on the ground of nonpayment of rent by the defendants.[1] In the complaint the plaintiffs alleged that the defendants breached their oral lease for a month-to-month tenancy by failing to tender the monthly rental of $245 for premises located on Henry Street in New Haven. The court found that Elizabeth Martindale was not a lessee, but was merely a person holding under her mother, Maria, who was the lessee. It therefore rendered judgment in favor of Elizabeth, but rendered default judgments against Maria Martindale and Moses *Page 625 
Tyson for failure to appear at trial. The defendants Maria and Elizabeth Martindale have appealed from the default judgment rendered against Maria and also from the subsequent denial of their motion to open judgment.
The plaintiffs have moved to dismiss the appeal, pursuant to Practice Book 3110, upon three grounds: (1) that the court lacks jurisdiction because of the defendants' failure to take a timely appeal; (2) that both defendants lack standing to appeal; and (3) that the defendants failed to submit a certificate regarding the need for a transcript, as required by Practice Book 3012(c).
We need discuss only the second ground, because it is dispositive. The motion to dismiss must be granted because we have concluded that both defendants lack standing to appeal. The defendants do not quarrel with the general proposition that "no person is entitled to set the machinery of the courts into operation unless for the purpose of obtaining redress for an injury he has suffered or to prevent an injury he may suffer, either in an individual or representative capacity." Waterbury Trust Co. v. Porter, 130 Conn. 494, 498,35 A.2d 837 (1944). An appeal is a statutory privilege of which only an aggrieved party has the right to avail himself. State v. Audet, 170 Conn. 337, 342,365 A.2d 1082 (1976).[2]
Under this principle it is clear that both defendants lack standing to bring this appeal. Elizabeth Martindale actually prevailed in the action below and can make no showing of aggrievement. See Bartlett v. Administrator,142 Conn. 497, 509, 115 A.2d 671 (1955). *Page 626 
No action adverse to her interest can be taken under the authority of the judgment before us. She lacked standing, therefore, to appeal.
Maria Martindale is also unable to show any aggrievement from the judgment against her. Her attorney represented that she had vacated the premises at the time of trial. The contention that she has standing in her representative capacity for Elizabeth Martindale's family is without merit. The right to appeal in a representative capacity is predicated on a person having a legal or fiduciary duty to protect the interests of those whom he purportedly represents.[3] The record does not indicate that any such duty exists in this case. The defendant is also not aggrieved by the mere possibility that costs may be taxed against her. This claim is premature as well as speculative. "This court does not sit to determine questions where the record shows that at most only remote or possible injuries can be suffered from leaving undisturbed the judgment of the lower court." Winchester Repeating Arms Co. v. Radcliffe, 134 Conn. 164, 168, 56 A.2d 1 (1947). The proper time for her to appeal would be when a judgment for costs had been rendered against her, if that eventuality should occur. See Sewer Commission v. Norton, 164 Conn. 2, 5, 316 A.2d 775
(1972); Clover Farms, Inc. v. Kielwasser,134 Conn. 622, 623, 59 A.2d 550 (1948). We are persuaded that by voluntarily vacating the premises prior to the trial of the summary process action, Maria Martindale no longer had any interest in the litigation. She was not injured by the result of the action; therefore, no right *Page 627 
of appeal exists. See Harkins v. Driscoll,165 Conn. 407, 409, 334 A.2d 901 (1973); Southbury v. American Builders, Inc., 162 Conn. 633, 634,295 A.2d 566 (1972). Accordingly, the lack of standing on the part of both of these defendants requires the court to dismiss the appeal.[4]
The defendants have filed a number of motions for review of various rulings of the lower court ancillary to the appeal, but the dismissal of the appeal makes it unnecessary to consider them.
 The appeal is dismissed.
SHEA, DALY and COVELLO, Js., participated in this decision.