[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DESCISION ON MOTION TO DIMISS #104
The plaintiff, David Foster, was appointed conservator of the person and estate of his mother, Bette Foster, by the Bridgeport probate court on November 9, 1995 and January 9, 1996, respectively. Upon his appointment, the plaintiff informed the defendant, attorney Stephen Ganis, that he was acting as his mother's conservator, and that Ganis should cease any actions previously undertaken on behalf of Bette Foster. The plaintiff alleges that Ganis continued to provide services to Bette Foster, and in 1996, submitted a bill for these services. In 1997, the probate entered an order approving Ganis' claim for fees. The plaintiff alleges that the estate is aggrieved by this order since the alleged performance of these services was undertaken without authority from the plaintiff as conservator instructed Ganis to discontinue performing such services. The plaintiff also alleges that Ganis breached his fiduciary duty to Bette Foster.
Ganis filed a motion to dismiss the plaintiff is appeal on the following grounds: (1) the conservator is not an aggrieved person pursuant to General Statutes § 45a-186; (2) the appeal fails to set forth the interest of the plaintiff on which the appeal is premised pursuant to General Statutes § 45a-191; and (3) the appeal was not filed within ten days from the return date, and is therefore untimely pursuant to Practice Book § 194 now Practice Book (1998 Rev.) § 10-76. CT Page 12790
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A ruling on a motion to dismiss is neither a ruling on the merits of the action. . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) Malasky v.Metal Products Corp., 44 Conn. App. 446, 452, 689 A.2d 1145, cert. denied, 241 Conn. 906, 693 A.2d 293 (1997).
Ganis argues that at the time he rendered legal services to Bette Foster, there was no estate, and therefore the estate cannot now be considered to be the aggrieved party. Ganis contends that the plaintiff was appointed Bette Foster's conservator after the date the legal services were performed, and therefore the plaintiff has no interest in whether Ganis is paid for his services. Ganis also argues that the plaintiff was not appointed conservator of Bette Foster's estate in January of 1996, and has misidentified the date of appointment in an attempt to demonstrate that he had an interest in the estate when the services were performed.
Ganis also argues that the plaintiff has failed to set forth his interest in the appeal and the adverse effect of the decree on that interest, and therefore the court does not have subject matter jurisdiction over the appeal. Ganis contends that the plaintiff has not attached any portion of any probate records to his motion for appeal, making his grounds for appeal legal conclusions. Ganis further argues that although the plaintiff makes the legal conclusion that he is aggrieved in his appeal, he has failed to state that his interests have been adversely effected.
In addition, Ganis argues that pursuant to Practice Book § 194, now Practice Book (1998 Rev.) § 10-76, the plaintiff's reasons for appeal must be filed within ten days of the return date, I which was not done here.
The plaintiff argues that as conservator of Bette Foster's person since November of 1995 and conservator of the estate since 1996, he had a duty to protect his ward's assets. The plaintiff also argues that Ganis' position regarding the failure to file the reasons for appeal within ten days as support for the motion CT Page 12791 to dismiss is without legal support.
Practice Book § 194, now Practice Book (1998 Rev.) § 10-76 (a) provides in pertinent part: "Unless otherwise ordered, in all appeals from probate the appellant shall file reasons of appeal, which upon motion be made reasonably specific, within ten days after the return day. . . ."
The plaintiffs failure to file the reasons for appeal within ten days from the return date is not a grounds for dismissal of the appeal. See Fischer v. Estate of Mansi, Superior Court, judicial district of New haven at New Haven, Docket No. 404153 (January 6, 1998, Fracasse, J.) (failure to file reasons for appeal in compliance with Practice Book § 194, now Practice Book (1998 Rev.) § 10-76, is not fatal to the appeal); Barlow v. Pocsay, 21 Conn. Sup. 352, 354, 154 A.2d 754 (1959) (court is not deprived of subject matter jurisdiction when reasons for appeal are not filed within ten days).
"Any person aggrieved by any order, denial or decree of a court of probate in any matter . . . may appeal therefrom to the Superior Court. . . ." General Statutes § 45a-186 (a). "One who has the legal duty to protect the interests of another has standing to appeal an order which adversely affects those interests." Maloney v. Taplin, 154 Conn. 247, 251,224 A.2d 731 (1966). "The right to appeal in a representative capacity is predicated on a person having a legal or fiduciary duty to protect the interests of those whom he purportedly represents" McNeil v. Tyson, 37 Conn. Sup. 624, 626,432 A.2d 328 (1981).
As the conservator of Bette Foster's person and estate pursuant to General Statutes § 45a-644 (a) and (b) respectively, the plaintiff has standing pursuant to §45a-186(a) to bring the present action as one designated by the court of probate to supervise Bette Foster's financial affairs. Ganis' contention that the plaintiff is not an interested party because the alleged debts accrued before the estate was created is erroneous. By statute, a conservator is responsible for the management of his or her ward's estate. The statutes do not indicate that this management function applies only to transactions which occur subsequent to the appointment of the conservator. Such a rule would undermine the purpose of the conservator statutes, which are aimed at protecting the ward's estate. If the period during which a CT Page 12792 conservator may act in the interests of his or her ward begins at the time of appointment, such a limitation could mean that transactions pre-dating the appointment could not be challenged by the conservator for the benefit of the estate. For instance, under this reasoning, a contract entered into by a ward prior to the appointment of a conservator would not be voidable even if it had been clear that the ward was incompetent when the contract was created. The statutory scheme does not countenance such a limitation, and Ganis has not supplied the court with any authority supporting such a rule.
"In each appeal from probate or from the actions of commissioners, the interest of the appellant shall be stated in the motion for appeal, unless such interest appears on the face of the proceedings and records of such court of probate." General Statutes § 45a-191. "To prosecute an appeal from a Probate Court decree, the plaintiff must be aggrieved by that decree. . . . The plaintiffs interest must appear in the motion to appeal or on the face of the proceedings and records. . . . If it does not appear from these documents that the plaintiff is aggrieved, the Superior Court has no subject matter jurisdiction over appeal, and it is, therefore subject to dismissal" (Citations omitted.) Zempsky's Appeal From Probate, 6 Conn. App. 521,524, 506 A.2d 1050, cert. denied, 200 Conn. 808,512 A.2d 231 (1986).
By virtue of the fact that the plaintiff is the conservator of Bette Foster's person and estate, the plaintiff s interest is readily apparent from the pleadings. The duties of the office of conservator include the duty to supervise the ward's estate. General Statutes §§ 45a-644 (a) and (b). The plaintiff here is acting on behalf of Bette Foster in an effort to conserve the estate's resources, and as alleged that the estate would be aggrieved by having to pay Ganis the legal fees which were ordered by the probate court.[1]
The plaintiff, as conservator of the person and estate of Bette Foster, is an aggrieved and interested party. The late filing of the reasons for appeal does not deprive the court of subject matter jurisdiction over the appeal. Accordingly, the defendant's motion to dismiss is denied.
STODOLINK, J.