Argued April 7, modified July 7, 1925.

## AUGUST WEMME ET AL. v. FIRST CHURCH OF CHRIST, SCIENTIST, ET AL.

(237 Pac. 674.)

Appeal and Error—Authority of Attorney General to Intervene in Suit Involving Ownership of Property in Charitable Trust Could not be Questioned on Appeal.

1. In suit between private litigants, involving ownership of property incorporated in a charitable trust, it was too late, on appeal, to question authority of Attorney General to intervene, where he was made a party by order of Circuit Court, and appeared by a duly appointed assistant, and his theory of the case was upheld by Supreme Court.

Courts—Court not Deprived of Jurisdiction, in Suit Involving Ownership of Property in Charitable Trust Because Attorney General Erroneously Made a Party.

2. In suit between private litigants, involving ownership of property incorporated in a charitable trust, if error was committed in

1. See 20 R. C. L. 693.

making Attorney General a party, instead of prosecuting attorney of county where case was tried, court was not thereby deprived of jurisdiction of the subject matter.

**Charities—Duty of Original Trustees to Defend Trust Fund Against Attack.**

3. It was both duty and right of original trustees of fund of a charitable trust to defend fund against an attack by heirs of testator.

**Trusts—Trust must Bear Expenses of Its Administration—Reasonable Expenses and Fees of Counsel in Defending Trust Chargeable Against Fund or Trust.**

4. A trust must bear expenses of its administration, and when it is attacked trustees must defend, and to that end and purpose employ counsel, and reasonable expenses and fees of counsel are charged against fund or trust.

**Trusts—Evidence Held not to Show That Trustees Defending Charitable Trust were Waging a Contest in Their Individual Interest.**

5. Evidence *held* to show that trustees, in defending a charitable trust against attack by heirs of testator, were defending trust, and not waging a contest in their individual interest, and hence were entitled to reimbursement from fund of fees paid attorneys and expenses of litigation.

**Trusts—Allowance of Attorney's Fee may be Directed to be Paid Directly to Attorney for Trustees.**

6. Allowance of attorney's fees may be directed to be paid directly to attorney for trustees instead of to trustees or beneficiaries.

**Charities—New Trustees Held not Entitled to have Title to Property Sold by Original Trustees Litigated Without Making Purchaser, Attorney General, or County Prosecuting Attorney Parties.**

7. In suit between heirs and trustees, involving ownership of property incorporated in a testamentary charitable trust, with Attorney General representing the state, new trustees *held* not entitled to have title to property sold by original trustees determined without making purchaser a party to the suit, as well as Attorney General or prosecuting attorney of county where case was tried.

**Attorney General—District and Prosecuting Attorneys—Either Attorney General or County Prosecuting Attorney Might Initiate Necessary Proceedings to have Purchaser's Title to Property, Sold by Original Trustees, Determined.**

8. In suit between heirs and trustees, involving ownership of property incorporated in a testamentary charitable trust, with Attorney General representing the state, either Attorney General or prosecuting attorney of county where case was tried could initiate

4. "Necessary expenses" of trust estate, see note in Ann. Cas. 1918D, 924.
8. See 2 R. C. L. 922.

necessary proceedings to have purchaser's title to property, sold by original trustees, determined.

See (1) 3 C. J. 768.   (2) 15 C. J. 822 (Anno.).   (3) 11 C. J. 367 (Anno.).   (4) 39 Cyc. 339, 344.   (5) 39 Cyc. 501.   (6) 39 Cyc. 502 (Anno.).   (7) 11 C. J. 368, 369.   (8) 6 C. J. 814 (Anno.); 18 C. J. 1317 (Anno.).

From Multnomah: HARRY H. BELT, Judge.

In Banc.

This is an appeal from a decree based upon an accounting made by the original trustees of the E. Henry Wemme Endowment Fund. A history of the case is found in *Wemme* v. *First Church of Christ, Scientist, et al.,* 110 Or. 179 (219 Pac. 618, 225 Pac. 250). The opinion of this court allowing attorney's fees to the attorneys for the plaintiffs is reported in 111 Or. 386 (227 Pac. 277). In this appeal the attorneys for the churches challenge the jurisdiction of the court to have entertained the issues raised by the Attorney General of the state. The churches also appeal from that part of the decree denying to them the amount they have paid as attorney's fees and expenses of the litigation, and also denying to their attorney, Guy C. H. Corliss, an additional sum of $7,500. The new trustees of the fund involved, appointed by the Circuit Judge upon the mandate of this court, appeal from that part of the decree allowing credit to the churches and the original trustees the amount of the expenditures in what is designated the "Clackamas property."         MODIFIED.

For appellants there was a brief and oral arguments by *Mr. Martin L. Pipes* and *Mr. Guy C. H. Corliss.*

For respondents there was a brief and oral argument by *Mr. E. V. Littlefield.*

*Mr. John S. Coke* and *Mr. John W. Kaste,* on brief, attorneys for new trustees.

COSHOW, J.—1. The Attorney General of the state was made a party by order of the Circuit Court. He appeared in the case by a duly appointed assistant. His theory of the case was upheld by this court. It is now too late, in our judgment, to question his authority so to do. We do not deem it necessary to enter into the discussion, so ably presented by the learned attorneys for the churches, as to whether or not the constitutional amendment revising the judicial department of the state, and adopted by the people in 1910, amended Section 17 of Article VII of the original Constitution, providing for prosecuting attorneys.

2. The court had jurisdiction of the subject matter. If an error was committed in making the Attorney General a party, instead of the prosecuting attorney of Multnomah County, the court would not be thereby deprived of the jurisdiction of the subject matter.

The learned circuit judge disallowed the items in the account of the original trustees for attorney's fees and expenses of the litigation because he understood the opinion of this court, reported in 110 Or. 179 (219 Pac. 618, 223 Pac. 250), so directed. In this we believe the learned judge misconstrued our former opinion.

The matter of the attorney's fees paid by the original trustees of the fund was not at that time involved in the litigation. That issue did not, and could not, arise in the issues presented to this court in the former appeal. That issue could only arise upon an accounting between the original trustees

and the new trustees. It was before the Circuit
Court for the first time upon that accounting, and
is before this court for the first time upon this
appeal. It is very clear, therefore, that this court
did not have under consideration the question of the
expenses of the litigation, including attorney's fees,
incurred by the original trustees of the Wemme
Fund, when it rendered its former decree and handed
down its opinion.

3, 4. This proceeding was instituted by the heirs
at law of the late E. Henry Wemme for the pur-
pose of destroying the charitable fund and of recov-
ering for themselves the property constituting that
fund. It was both the duty and the right of the
original trustees to defend the fund against that
attack. The attorneys for the new trustees conceded
the principle relied upon by the churches for the
right to retain from the fund the amount expended
by them in this litigation. In their brief they use
this language:

"Now, it is well settled by all authorities that
a trust must bear the expenses of its administra-
tion; and when a trust is attacked, it is the duty
of the trustees to defend, and to that end and pur-
pose to employ counsel; and the reasonable expenses
and fees of counsel are charged against the fund
or trust. If the churches, as the trustees or directors
of this fund, had employed Judge Corliss to defend
the trust, to preserve it as a legal trust, as a char-
itable trust, and he had done so, then we concede
that his compensation should be paid out of the
fund."

That this is a correct statement of the principle
of the law is supported by the following authorities:
39 Cyc. 339, 342; 2 Perry on Trusts (6 ed.), §§ 747,
910; *Bissell* v. *Butterworth,* 97 Conn. 605 (118 Atl.

54); *Mead* v. *Sherwin*, 275 Pa. St. 146 (118 Atl. 731).

5. The new trustees base their sole contention on the assertion that the original trustees were not defending the trust, but were waging a contest in the interest of the churches. In our opinion this assertion is not supported by the facts. The only ground for that assertion is the change of the beneficiaries of the trust and the claim that the trust fund was the property of the churches. The churches and the original trustees have uniformly declared, in the most solemn documents in the record of this proceeding, that they considered the fund a sacred trust. It is true that they claim that the property belongs to the churches absolutely. This claim is based upon the advice of eminent counsel and was sustained by four of the circuit judges for Multnomah County. United with this claim in every instance the original trustees and the churches asserted their intention to treat the fund as a sacred trust. Not one dollar of the fund was converted to the use of the churches or any of them. The fund has been kept intact. The acts of the original trustees are in strict harmony with their expressed intention to treat the fund as a trust.

The fact that the original trustees were mistaken in the construction of the will does not and ought not to deprive them of the right to be reimbursed in defending the trust. It is morally certain if they had not vigorously defended the fund that it would have been dissipated, the intent of the testator would have been diverted and the fund distributed to the heirs of the testator. It was by the defenses made by the original trustees that the fund has been

preserved and the benevolent purpose of the testator is being consummated.

This proceeding was started for the purpose of recovering for the heirs the fund devoted to the trust. That purpose was apparent until this court rendered its former decree herein. In page 157 of the brief of the attorneys for the heirs in the original appeal to this court is found this language:

"If there was a trust over, and the argument of the Attorney General does not prevail, then the gift over was too broad to be executed as a charity and is a reversion to the heirs."

The attorneys for the heirs were working with the Attorney General. They assisted in preparing the brief in this court for the Attorney General. Indeed, it was by their efforts that the Attorney General was brought into the case. The original trustees of the fund representing the churches were required by their duty to defend the trust fund to the end.

6. There is a long list of authorities upholding the right of trustees to be reimbursed for their expenditures, including attorney's fees, notwithstanding they make claim to an interest in the property in trust: *In re Duffill's Estate,* 188 Cal. 536 (206 Pac. 42); *Clark* v. *Anderson,* 13 Bush (Ky.), 111; 11 C. J. 370, § 98; 2 Perry on Trusts (6 ed.), 1237, § 747. It is conceded that the amount of the $25,000 is a reasonable fee for the services rendered by Judge Corliss as attorney for the original trustees and the churches. In their brief, the attorneys for the new trustees, in opposing the allowance to the original trustees and the churches reimbursement for these expenditures, use this language:

"Upon the threshold of our argument, we desire it understood that we have no quarrel with Judge Corliss of or concerning his fee, or of the amount thereof. None whatever. We know his high standing before the Bench and Bar, and his great legal ability; and we know the arduous labors, the great amount of energy, time and research bestowed by him upon this case; and when these factors are taken into consideration, we concede that the compensation asked by him is very reasonable. For, if any lawyer ever earned a fee of $25,000 in defending a suit, Judge Corliss did in the instant case. There is no doubt about that."

There, then, is no controversy over the amount of the fee. It follows conclusively, in our judgment, that the churches are entitled to be reimbursed for the amount they paid to Judge Corliss and the expenses incurred by them in litigating this suit, and that Judge Corliss should be allowed an additional sum of $7,500 for his services.

There are numerous authorities for allowing the amount of the $7,500 and directing that it be paid to the attorney instead of allowing it to the church or the original trustees: *Schmidt* v. *Oregon Gold Mining Co.*, 28 Or. 9, 30–32 (40 Pac. 406, 1014, 52 Am. St. Rep. 759).

The cross-appellants, the new trustees of the E. Henry Wemme Endowment Fund, have appealed from that part of the decree allowing credit to the original trustees of said fund for the expenditures on what is termed the "Clackamas property." The contention is that the original trustees were without power to alienate the White Shield Home. This Home was purchased by the original trustees in harmony with the provisions of the will. It was sold to the Salvation Army and the proceeds of the sale invested in the Clackamas property. The title

to the Clackamas property is vested in the E. Henry Wemme Endowment Fund. None of the churches has appropriated or received for its own use any of the proceeds of the sale. The cross-appellants seek to ignore the sale to the Salvation Army and treat the White Shield Home in Portland as though it was still the property of the E. Henry Wemme Endowment Fund, and the Clackamas property as belonging to the six churches.

The Salvation Army is not a party to this litigation. The court cannot divest the title of the Salvation Army to the White Shield Home without giving it an opportunity to be heard. The Salvation Army is an indispensable party to any litigation which would divest it of the title it now has in and to the White Shield Home.

The will of Mr. Wemme is ambiguous. Eminent counsel advised the original trustees of the E. Henry Wemme Endowment Fund that the property devised in trust became the absolute property of the churches. This advice was sustained by four of the judges of the Circuit Court for Multnomah County. We have a right to presume that the Salvation Army investigated the title to the White Shield Home, then vested in the E. Henry Wemme Endowment Fund, before purchasing it. It is not likly that the Salvation Army, which is a corporation, would invest the sum of $80,000 in real property without the advice of competent lawyers regarding the title. In view of these considerations the court ought not and will not determine the title to the White Shield Home without due deliberation and presentation of the questions involved and with all parties interested therein before it.

7, 8. The Attorney General represented the state in the litigation. He made no appearance in the

hearing on the accounting from which this appeal is taken. It was his duty to have brought in the Salvation Army if it was his desire to question its title to the White Shield Home. Neither he nor the prosecuting attorney for Multnomah County has intervened to have the power of the original trustees of the E. Henry Wemme Fund to alienate the White Shield Home determined. Either the Attorney General or the prosecuting attorney was the proper person to initiate the necessary proceedings to have that question determined: 11 C. J., p. 365, §§ 83, 84, p. 368, §§ 89, 90; *McKenzie* v. *Trustees of Presbytery of Jersey City,* 67 N. J. Eq. 652 (61 Atl. 1027, 3 L. R. A. (N. S.) 227); *Burbank* v. *Burbank,* 152 Mass. 254 (25 N. E. 427, 9 L. R. A. 748); 2 Perry on Trusts (6 ed.), §§ 732, 744. Granting that the new trustees have the authority to institute a suit to recover the title to the White Shield Home, they cannot proceed without making the Salvation Army a party, as well as the Attorney General or the prosecuting attorney for Multnomah County.

The decree of the Circuit Court awarding judgment against the churches is reversed. A decree will be entered here allowing the original trustees the amount expended in attorney's fees and expenses in this litigation; directing the new trustees to pay to Guy C. H. Corliss an additional sum of $7,500; and confirming the decree of the Circuit Court in all other respects. Neither party will recover costs from the other in this court.    Reversed and Decree Entered.

Rand, J., concurs in the result.

Burnett and Belt, JJ., took no part in the consideration of this case.