[No. 29106.   Department One.   November 17, 1943.]

ANNIE CHAPPELL MONROE, *Respondent*, v. MARGARET E. WINN *et al.*, *as Trustees, Appellants*.

VIETTA CHAPPELL ROBINSON *et al.*, *Respondents*, v. MARGARET E. WINN *et al.*, *as Trustees, Appellants.*[1]

[1]Reported in 142 P. (2d) 1022.

*Arthur E. Griffin,* for appellants.

*Catlett, Hartman, Jarvis & Williams, George F. Hannan, Kerr, McCord & Carey,* and *Stephen V. Carey,* for respondents.

GRADY, J.—This appeal grows out of proceedings had before the lower court upon the handing down of the remittitur in the consolidated cases of Annie Chappell Monroe against Margaret E. Winn, Jesse F. Russell, and Arthur E. Griffin, as trustees under the will of William Chappell, deceased, and of Vietta Chappell Robinson and others against the same named trustees, decided by this court February 11, 1943, and reported in 16 Wn. (2d) 497, 133 P. (2d) 952, in which the decree of the lower court was affirmed in part and reversed in part.

After the remittitur was filed, Gail M. Williams and Jerome K. Kuykendall, attorneys who had represented Vietta Chappell Robinson on the appeal to this court, gave written notice to the attorneys for the other interested parties that, at the time the court fixed for its hearing on the final report of the trustees acting subsequent to the entry of the decree of the court in the consolidated cases, they would apply to the court for an allowance of attorneys' fees for services rendered on the appeal. A like notice was given by Arthur E. Griffin and Jesse F. Russell, trustees, that they would apply to the court for an allowance of fees for their attorneys for services rendered in the cases. A claim for attorneys' fees for representing Annie Chappell Monroe was filed by George Olson and George F. Hannan, who had represented her on the appeal.

The claims were considered by the court at the time the final report of the trustees was heard. The court entered a decree upon the remittitur and upon the evidence submitted at the hearing. Margaret E. Winn and her codefendants

in the consolidated cases appeal from the following parts of the decree: (1) the finding that George F. Hannan and George Olson had performed services beneficial to the trust estate on appeal and in allowing them an attorneys' fee to be paid out of the trust estate; (2) the finding that Gail M. Williams and Jerome K. Kuykendall had performed services on the appeal beneficial to the trust estate and in allowing them attorneys' fees to be paid out of the trust estate; and (3) the allowance by the court of compensation to be paid Stephen V. Carey, as attorney for appellant trustees, for services performed on the appeal to this court.

By their first two assignments of error, the appellants challenge the finding and conclusion of the court that George Olson and George F. Hannan, as attorneys for respondent Annie Chappell Monroe, and Gail M. Williams and Jerome K. Kuykendall, as attorneys for respondent Vietta Chappell Robinson, performed services beneficial to the trust estate on their respective appeals to this court and should be compensated. Our examination of the record and the evidence submitted convinces us that the trial court was justified in making the finding and conclusion which it did, and we do not consider a discussion of the factual basis upon which the conclusion was reached is necessary.

By the other assignments of error, the appellants challenge the jurisdiction of the court to award compensation to Stephen V. Carey for his services in representing the appealing trustees, as well as the allowance of compensation for the other attorneys referred to in their first and second assignments of error.

In the consolidated cases, we said in our opinion on appeal, p. 510:

"The decree as to Margaret E. Winn and the parts thereof allowing attorneys' fees for the attorneys for the respondents and for the accountant employed by them, is affirmed. That part of the decree removing appellants as trustees and appointing other trustees and an attorney for them is reversed. The respondents will recover their costs and disbursements in the lower court. Neither party will recover costs or disbursements in this court. The costs and dis-

bursements, attorneys' fees, and fees of accountant shall be paid by the trustees out of the funds of the trust estate.

"The case is remanded with directions to vacate the personal judgments against the appellants and for the entry of a decree in accordance with this opinion."

The appellants now urge that these statements mean that this court thereby adjudged that none of the attorneys were entitled to be paid any compensation out of the trust estate for their services on the appeal, and, if the trial court did so adjudge on remand, it would be interfering with the mandate of this court. The appellants argue that, if those who intended making claim for attorneys' fees on appeal were not satisfied with that which appellants now contend was the ruling of this court, they should have petitioned for a rehearing, but, having signed and filed a stipulation waiving their right to do so and having joined in a request to have the remittitur sent down immediately, they are precluded from applying for an award of attorneys' fees.

The appellants are correct in their assertion that, when a remittitur is handed down by this court, the trial court is limited to following any directions this court may give, and has no jurisdiction to interfere in any way with its mandate. But this rule is not applicable to the situation here presented. We said that none of the parties should recover from any of the others "costs or disbursements in this court," and, by this, we meant the costs and disbursements provided for in Rem. Supp. 1941, § 1744, and Rule XXIII of this court, 193 Wash. 29-a. The question whether any of the parties to the appeal should be allowed attorneys' fees to be paid out of the trust estate for services by their attorneys on appeal, was not before us and was a question that would have to be heard and determined by the trial court when the case again came before it.

When the trial court entered the decree removing the trustees and appointing others to administer the trust estate, such decree was effective until reversed on appeal. When the appeal was taken, the appointed trustees not only had the right to respond and defend the action of the trial

court in this court, but it was their duty as well. It was necessary that they employ counsel to prepare and present their case. It was also necessary that appellant trustees have the services of counsel. When this court affirmed the decree in part and reversed it in part and remanded the case to the lower court, that court again became vested with jurisdiction to reinstate two of the former trustees and to require the trustees appointed by it to make an accounting as to the estate they had administered pending the appeal, and to hear and determine any other germane matter incident to the readjustment made necessary by the opinion of this court; and this would include the question of the right to, and the amount of, attorneys' fees. *Ohio Oil Co. v. Thompson,* 120 F. (2d) 831; *Wemme v. First Church of Christ, etc.,* 115 Ore. 281, 237 Pac. 674; *Sprague v. Ticonic Nat. Bank,* 307 U. S. 161, 83 L. Ed. 1184, 59 S. Ct. 777.

In the field of the law relating to trusts, trust funds, and their administration, cases frequently arise in which interested parties may, in good faith, believe that the trust is not being properly administered and apply to the court for removal of the trustees, or seek other relief which they may believe will be beneficial to the trust estate. The trustees selected to administer the trust may resist the attempt to remove them, or they may be called upon to defend the trust itself. In such cases, the courts are quite in accord that the trust estate must bear the expense incurred as a part of the general cost of administration. *Jessup v. Smith,* 223 N. Y. 203, 119 N. E. 403; *Wemme v. First Church of Christ, etc., supra; Drain v. Wilson,* 117 Wash. 34, 200 Pac. 581; annotation, 49 A. L. R. 1149.

In the course of this litigation, those who brought the action secured results beneficial to the trust estate. Two of the trustees established their right to continue in its administration, as the one creating the trust desired, and administrative questions conducive to proper future administration of the trust estate were settled. It, therefore, follows that the legal expenses incurred should be borne by, and paid out of, the trust estate. The statutory costs and

disbursements provided for by Rem. Supp. 1941, § 1744, incurred by the respective parties to this appeal shall be paid by the trustees out of the funds of the trust estate.

The decree appealed from is affirmed.

SIMPSON, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.