HORTON, Chief Judge.
This appeal arose out of an action instituted by a minor beneficiary of a trust, by his next friend, for accounting, receiver, injunction and removal of trustee. Following hearing, the complaint was dismissed and interlocutory appeal had been perfected from post decretal orders taxing costs against the plaintiff and fixing attorney’s fees.
The appellant in his brief has abandoned the assignment of error directed to the allowance of attorney’s fees. The assignment of error directed to the merits will not be considered as no appeal was taken from the final decree. The remaining assignment of error attapks the assessment of costs against the plaintiff.
The costs assessed in the amount of $841.81, consist primarily of fees paid to an auditor appointed by the chancellor for the purpose of making a complete audit of the trust estate. The record reveals that the audit reflected a debt of $1,193.12 owed to the trust estate by a deceased trustee on an unsecured loan. This debt was acknowledged and paid by the trustee’s estate. In addition, the. auditor was compelled to establish accounting procedures and books for a period of approximately fifteen months during which time books were not kept by the defendant trustee.
Generally, a trust estate must bear the expenses of its administration. Sorrels v. McNally, 94 Fla. 1174, 115 So. 540. We find nothing in the record that causes us to conclude that the plaintiff acted in bad faith, nor was he pressing unfounded contentions. Although the plaintiff was unsuccessful in achieving his prime objective — the removal of the trustee — it appears to be undisputed that as a result of the proceedings undertaken the trust estate was benefited.[1]
When as a result of proceedings undertaken in good faith the trust was benefited, the costs may be charged against the trust estate. See In re Freeman’s Trust, 247 Minn. 50, 75 N.W.2d 906; Monroe v. Winn, 19 Wash.2d 462, 142 P.2d 1022; Annotation, 9 A.L.R.2d 1132; cf. In re Farris’ Estate, Fla.App.1959, 113 So.2d 721. Since the assessment of costs against the trust estate would appear to be discretionary, the question then arises as to whether the discretion has been abused. Upon the record as presented to this court and the further fact that it is conceded that the audit performed in the course of the *482 proceedings was beneficial to the trustee as well as to the estate, we conclude that the failure to assess the costs against the trust estate was an abuse of discretion.
Under the circumstances presented here, we conclude that it was error to assess the costs against the appellant. Accordingly, the order taxing costs is reversed, and the cause is remanded with directions to enter an order assessing costs against the trust estate.
Reversed and remanded with directions.
PEARSON and CARROLL, CHAS., JJ., concur.

. It was concerted during the oral argument that the audit was beneficial to the trustee and to the estate.