In the Matter of ALPINE INDUSTRIES,
INC., Bankrupt.

No. B–57751.

United States District Court
D. Oregon.

Jan. 15, 1964.

Joseph Larkin, Redmond, Or., pro. per.

Gilbert Sussman, Portland, Or., for trustee.

EAST, District Judge.

Joseph Larkin, an attorney, petitioned the referee for an award of a reasonable amount for his attorney's services rendered in connection with the adverse claims of the trustee herein and a third person against a fund in the amount of $11,996.33 held by Charles Boardman, an attorney, who had represented the bankrupt at times prior to adjudication.

The third party had instituted state court action against Boardman, seeking recovery of the fund, and the trustee proceeded through bankruptcy proceedings before the referee. The adverse claims were resolved in favor of the bankrupt and the entire fund paid over to the trustee for the benefit of the estate.

The referee's order confirming the resolve of the adverse claims recites that "the $11,996.33 was held by Charles

Boardman as agent and trustee for Alpine (the bankrupt) * * *" and directed payment thereof to the trustee.

All parties have acknowledged that Larkin performed valuable services in preserving the fund from the claims of the third party and securing the same to the estate. The referee "reluctantly * * *" concluded that there was no express "authority under the Bankruptcy Act to allow an attorney's fee to Larkin * * *" and denied the petition.

■■ I agree with the referee that there is no such express authority under the Acts of Congress to him to allow the fee, but I do conclude that this Court could well have affirmed his allowance of such an equitable award to Larkin under the referee's general equitable powers. Since the referee did not make findings and conclusions upon this theory and concept of Larkin's petition, he is entitled to the opportunity to do so. Accordingly, the referee's order denying Larkin's petition and claim for reasonable attorney's fees should be set aside and the cause remanded to the referee for further findings and conclusions in light of this Court's conclusion.

■ Following is a fair statement of the referee's general equitable powers:

"The bankruptcy court has incidental power to grant any equitable relief which may be necessary in the administration and distribution of the estate. This does not mean that the bankruptcy court can do everything that equity does, or must always do it in the same way as equity. The bankruptcy court has in general equity jurisdiction and is a *court of equity only in the same sense that it applies the principles of equity where it does have jurisdiction*." [Emphasis supplied.] Quoted from In re Bender Body Co., 47 F.Supp. 224, 230 (D.Ohio).

■■ It is manifest from the record that Boardman held the funds of Alpine in a fiduciary capacity and he owed a fiduciary or trustee's duty at all times to protect the funds of his client in his hands from wrongful, spurious and doubtful claims of third parties and to secure the fund at all times to the appropriate beneficiary of his trust. If this is what Boardman did in fending off the claims of the third party, then he is entitled to his cost and expense, including a reasonable sum for the services of his attorney, from and as a charge against the trust fund.

I quote from Larkin's brief:

"It is also elemental law that a [fiduciary] is entitled to charge reasonable expenses, including attorney fees, against the trust fund held by him. See Reed v. United States National Bank of Portland, 213 F. Supp. 919 (D.C.Ore.1963), and Wemme v. First Church, 115 Or. 281, 237 P. 674."

The Court of Appeals for the Ninth Circuit, in Sampsell v. Monell, 162 F.2d 4, upheld a referee's equitable award of attorney's fees in a situation of like equitable consequence with this by advising:

"Without deciding whether the (bankrupts) trustees could or could not have reasonably delayed reclamation (of property by conditional vendors), the cooperation of the (conditional vendors) attorney with the (bankrupts) trustees brought the estate valuable assets in cash. Thus, the estate was enriched by the action of the (attorney) and justice calls for a proper reward in light of the circumstances. Bankruptcy courts are 'essentially courts of equity, and their proceedings inherently proceedings in equity.' (cites)."

Remanded to the referee accordingly.