THOMPSON, Judge.
This is an appeal and a cross-appeal from a final judgment taxing costs and awarding attorney’s fees. We reverse in part.
Appellant is the administrator of his deceased wife’s estate. Appellant’s wife, Ava Aycock Parker, was the life income beneficiary of Aycock Trust # 2 (Trust # 2). Appellees Jeremy Chamberlain and Christopher Neale were the remaindermen beneficiaries of Trust # 2. Thomas J. Aycock, Jr. was the life income beneficiary of Ay-cock Trust # 1 (Trust # 1). Thomas J. Aycock, III, Judy Aycock, and Cherye Ay-cock were the remaindermen beneficiaries of Trust # 1. Prior to their deaths, Ava and Thomas, Jr. were co-trustees with the Florida First National Bank of Jacksonville (the Bank) of the trusts. The Bank became the sole trustee of Trust # 1 upon Thomas, Jr.’s death and the sole trustee of Trust # 2 upon Ava’s death. Following Ava’s death, appellant, individually and as administrator of Ava’s estate, filed a complaint seeking an accounting of Trusts # 1 and # 2, removal of the Bank as trustee, damages in excess of $1,000,000, and invalidation of the trusts. The lower court dismissed appellant individually and dismissed with prejudice all of the counts, except those for an accounting and for damages, which were dismissed with leave to amend. Appellant, as administrator of Ava’s estate, subsequently filed an amended complaint. Eventually only the count requesting an accounting remained. A final judgment was subsequently entered in favor of the Bank and Dorothy DeShong Aycock, the personal representative of the estate of Thomas J. Aycock, Jr., deceased, and against appellant. This judgment, which also reserved jurisdiction to assess fees and costs, was affirmed by this court. Parker v. Florida First National Bank, 386 So.2d 326 (Fla. 1st DCA), pet. for rev. dism., 389 So.2d 1113 (Fla.1980). The Bank and Dorothy DeShong Aycock filed a motion to tax costs and a motion for attorney’s fees. The re-maindermen beneficiaries of Trust # 1 were allowed to intervene for the purpose of determining costs and attorney’s fees. Jeremy Chamberlain, one of the remainder-men beneficiaries of Trust # 2, filed a memorandum below as an additional party, opposing an award of fees and costs against Trust # 2. After a hearing on these motions, the lower court entered a final judgment awarding costs and attorney’s fees. The trial court found that appellant, individually and as administrator of Ava’s estate, and Trusts # 1 and # 2 were jointly and severally liable for the payment of the attorney’s fees in the amount of $67,500. *732 The trial court further established the order of liability of the parties, as among themselves for the attorney’s fees as follows: (I) appellant as administrator of Ava’s estate; (II) appellant individually; and (III) Trusts # 1 and # 2. Appellant alleges that the trial court erred in assessing attorney’s fees against him individually and erred in establishing a priority against whom the judgment is to be assessed. The personal representative of Thomas J. Aycock, Jr.’s estate and the remaindermen beneficiaries of Trust # 1 cross-appeal, alleging that the trial court erred in assessing attorney’s fees against Trust # 1. We reverse as to the issues raised by appellant and affirm as to the issue raised by the cross-appellants.
The award of attorney’s fees is in derogation of the common law and is generally only allowed in Florida when provided by statute or by contract. Rivera v. Deauville Hotel, Employers Service Corp., 277 So.2d 265 (Fla.1973). Although the Bank may be entitled to reimbursement for attorney’s fees which were incurred in defending the trust property, see generally Ball v. Mills, 376 So.2d 1174 (Fla. 1st DCA 1979), cert. den. 388 So.2d 1116 (Fla.1980), there is no basis herein for assessing attorney’s fees against appellant individually. Appellees Dorothy DeShong Aycock, as personal representative of the Estate of Thomas J. Aycock, Jr., deceased, and the remaindermen beneficiaries of Trust # 1, have cited cases from foreign jurisdictions which indicate that attorney’s fees may be assessed against a personal representative, individually, where the representative brings an action in bad faith or when the action is groundless. See Bernstein v. Brenner, 320 F.Supp. 1080 (D.D.C.1970); In re Butler, 20 F.Supp. 995 (W.D.Va.1937). We are not bound by the holdings in those cases, but even they would not support an award of attorney’s fees against appellant individually in the instant case since the action was not brought in bad faith. Although the trial court found that the appellant acted in bad faith, this finding is not supported by the record. In addition, during oral arguments, the Bank admitted that the litigation served a useful purpose. See also Johnson v. Taylor, 116 So.2d 480 (Fla. 3d DCA 1959). Accordingly, the trial court erred in holding appellant individually liable for attorney’s fees. We therefore reverse that portion of the order imposing personal liability on appellant for attorney’s fees.
Furthermore, the trial court erred in establishing an order of liability, among the parties themselves, for the attorney’s fees. The parties have not cited us to any authority allowing such an order of liability in the specific context of the instant case and we have not found any authority in support thereof. Accordingly, that portion of the trial court’s order establishing an order of liability, among the parties themselves, for the attorney’s fees, is reversed.
We find no error in that portion of the order finding Trust # 1 liable for the attorney’s fees since it appears that Trust # 1 benefited from the litigation. See generally Johnson v. Taylor, 116 So.2d 480 (Fla. 3d DCA 1959).
In conclusion, we reverse those portions of the order finding appellant individually liable for attorney’s fees and establishing an order of liability, among the parties themselves, for the attorney’s fees. We affirm the assessment of costs against Trust # 1.
LARRY G. SMITH and JOANOS, JJ., concur.