[Nos. 20768-1-II; 20858-0-II.   Division Two.   January 9, 1998.]

*In the Matter of the Estate of* ALICE H. MORRIS.
*In the Matter of the Estate of* HOWARD V. MORRIS.
KEY TRUST COMPANY OF THE NORTHWEST, *Appellant*, v.
ELIZABETH A. MORRIS, ET AL., *Respondents*.

*Ronald A. Roberts* and *Amy C. Lewis* of *Eisenhower & Carlson*, for appellant.

*Jerome L. Buzzard* of *Buzzard, Darkenwald & Allen*, for respondents.

ARMSTRONG, J. — The heirs of the Morris estates sued the

Personal Representative of the estates (Key Trust) in King County, alleging negligence and breach of fiduciary duties in managing estate assets. Key Trust successfully defended its actions at both the trial and appellate levels. Key Trust did not request its attorney fees in the King County action, but later brought a petition before the Thurston County Superior Court supervising the probate. The Thurston County Superior Court denied Key Trust's petition for payment of attorney fees out of estate assets and closed the estate.

## FACTS

Howard Morris died on January 13, 1989; his wife, Alice Morris, died on September 25, 1989. Puget Sound National Bank (PSNB) was appointed as the personal representative of both estates in Thurston County Superior Court. The heirs of the estates sued PSNB (and its successor, Key Trust —hereinafter, "the Bank") in King County Superior Court, alleging that the Bank had improperly failed to disclaim an asset of Howard Morris's estate during the available statutory time period, causing the Estate of Alice Morris to pay greater inheritance taxes.

The Bank prevailed on summary judgment, which was upheld in *Leipham v. Adams*, 77 Wn. App. 827, 894 P.2d 576, *review denied*, 127 Wn.2d. 1022 (1995). The Bank did not request its attorney fees from the King County court. Instead, the Bank petitioned the Thurston County Superior Court for payment of its attorney fees as a cost of the administration of the estates. The court ruled that the Bank should have asked for its fees in the King County action and that the fees were not estate expenses; the court, therefore, denied the Bank's petition. The Bank appeals.

## STANDARD OF REVIEW

RCW 11.96.140 gives the trial court discretionary authority to award attorney fees from estate assets. We review the trial court's decision for abuse of discretion;

discretion is abused when it is manifestly unreasonable, exercised on untenable grounds, or for untenable reasons. *In re Estate of Niehenke*, 117 Wn.2d 631, 647, 818 P.2d 1324 (1991). The Bank had the burden of demonstrating the need for and the reasonableness of its attorney fees.[1]

The touchstone of an award of attorney fees from an estate is whether the litigation resulted in a *substantial benefit* to the estate. *Niehenke*, 117 Wn.2d at 648. The heirs contend that the Bank's defense in the negligence action was solely for its own benefit, rather than the estate's. The Bank, on the other hand, argues that the litigation justified its actions as the chosen personal representative of the decedents. As such, the favorable result effectuated the testators' intent to vest discretion in the Bank. The Bank urges us to adopt the rule from the trust cases that a trustee who successfully defends his right to continue administering the trust has conferred a benefit on the trust. *Monroe v. Winn*, 19 Wn.2d 462, 142 P.2d 1022 (1943).

Significant differences, however, exist between the roles of a probate personal representative and a trustee. A personal representative serves for only the limited time needed to complete the probate—usually measured in months. And the personal representative's principal duties are to collect the estate assets, settle any claims by or against the estate, and then distribute the assets. RCW 11.44.066, RCW 11.48.010. Although some interim investment of estate assets may be appropriate, generally a personal representative is not faced with making long-term investment decisions because of his or her duty to close the estate as quickly as possible. RCW 11.48.010. A trustee, on the other hand, may serve for years and may have been chosen primarily for his or her investing skills. RCW 11.98.070; ch. 11.100 RCW; *see, e.g., Monroe*, 19 Wn.2d

---

[1]The burden of proving the reasonableness of the fees requested is upon the attorney requesting the fees. *Blum v. Stenson*, 465 U.S. 886, 897, 104 S. Ct. 1541, 1548, 79 L. Ed. 2d 891 (1984); *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 151, 859 P.2d 1210 (1993); *Herring v. Department of Soc. & Health Servs.*, 81 Wn. App. 1, 34, 914 P.2d 67 (1996).

at 462 (60-year trust involving management of commercial property). Given these differences, the ability of a chosen fiduciary to continue acting is likely to be more significant to a trustor than to a testator.

This is not to say that the right to continue acting is of no benefit to the estate. It simply means that, in any particular estate, it may not be a *substantial* benefit, as required by *Niehenke*. We therefore hold that a personal representative's successful defense of its position, without more, does not entitle it to attorney fees from the estate. Rather, the trial court must weigh the benefit of that defense, pursuant to RCW 11.96.140, to determine if it was substantial.

Here, the probate was near its conclusion when the litigation arose. Indeed, the estate assets had already been distributed and the personal representative was ready to close the estate. Further, the litigation between the Bank and the heirs did not relate to ongoing management decisions of the Bank, but rather to a single decision—whether Alice's estate should have disclaimed an asset of Howard's estate. Thus, the dispute did not bear on the Bank's ability to continue acting as personal representative. Moreover, the nature of the dispute suggests that it could have been prevented if the bank had kept the heirs fully informed at the time the decision was made.

The Bank, however, cites *Estate of Kvande v. Olsen*, 74 Wn. App. 65, 871 P.2d 669 (1994). In *Kvande*, the heirs contested the distribution of the residue; one heir claimed the residue by virtue of the anti-lapse statute; the other heirs claimed the residue should be equally divided because the original bequest lapsed. The personal representative filed a memorandum and argued in support of the equal distribution, and then sought attorney fees for its participation in the dispute. The losing heir argued that the personal representative's participation did not benefit the estate. An award of fees was upheld on appeal because the "case involves an objection to the distribution of an estate, and a personal representative is obliged to present his position in a probate matter where there is a dispute as to distribution." *Kvande*, 74 Wn. App. at 72.

*Kvande* is distinguishable. *Kvande* was a dispute within the probate, and the personal representative sought guidance from the court as to a proposed distribution. The personal representative was clearly acting in its representative capacity and not in its individual capacity. Most importantly, the personal representative was not personally at risk as a result of the court's decision. Here, the action was outside the probate, and the personal representative was sued individually; the estate was not at risk. And the Bank was defending a past decision rather than suggesting a proposed course of action.[2]

Finally, the Bank argues as a matter of public policy that it should be allowed its fees because otherwise it, and other personal representatives, will be forced to charge higher fees to cover this unexpected exposure. We are not persuaded. When the Bank offers its services as a personal representative, it is offering a professional service no different from the services offered by attorneys, accountants, and other professionals. Accompanying such an offer is the risk that a beneficiary will claim the services were not performed properly. But this should not be unexpected; rather, it should be treated as one of the costs of offering a professional service. And the risk of such claims should not be shifted to the estate in the absence of finding a substantial benefit to the estate from the litigation.

In conclusion, we find the trial court did not abuse its discretion in denying the Bank's petition for attorney fees, because the Bank failed to demonstrate that the King County litigation substantially benefited the estate.

We affirm.

---

[2]*See McDonald v. Moore*, 57 Wn. App. 778, 790 P.2d 213 (1990) (an action outside the probate between two beneficiaries as to the meaning of a will provision that left property to one with an option to the other to purchase; no fees were allowed to the successful beneficiary from the estate). A comparison of *Kvande* and *McDonald* suggests that an action within the probate seeking approval of a *proposed* decision is more likely to be seen as a benefit to the estate.

BRIDGEWATER, A.C.J., and MORGAN, J., concur.