STANCHEM, INC. *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
(5174)

BORDEN, DALY and O'CONNELL, Js.

Argued October 9, 1987—decision released January 26, 1988

*Sally S. King,* with whom, on the brief, was *James A. Wade,* for the appellant (plaintiff).

*Theresa A. Hopkins,* with whom, on the brief, was *Mitchell W. Pearlman,* for the appellee (named defendant).

DALY, J. This is a combined appeal by the plaintiff from two decisions of the trial court dismissing the plaintiff's appeals from two decisions of the defendant freedom of information commission (FOIC). In the two contested cases, the FOIC ordered the town of Berlin and the state department of environmental protection (DEP) to disclose their lists of chemicals manufactured by the plaintiff. The plaintiff claims that the trial court erred in holding that the administrative appeals should be dismissed for lack of subject matter jurisdiction. We find no error.

The background to these cases is as follows. The plaintiff, a chemical manufacturing company, supplied a list of chemicals manufactured by it to the health director of the town of Berlin and to the DEP. Citizens for the Environment and Connecticut Citizens Action Group (Citizens), voluntary associations, requested a list of those chemicals from the health director, who refused to comply. An appeal was taken to the FOIC by Citizens. State Senator William E. Curry, Jr., appearing on his own behalf, made a similar request for the list of chemicals to the DEP, which was also denied. He then appealed the denial to the FOIC.

When the hearings on the applications of Citizens and Curry commenced on January 12, 1981, the plaintiff moved "pursuant to section 1-21j-28[1] of the Regula-

---

[1] Section 1-21j-28 of the Regulations of Connecticut State Agencies provides in pertinent part: "PARTICIPATION BY PERSONS OTHER THAN PARTIES

"(a) PERMISSION TO PARTICIPATE. At any time prior to the commencement of oral testimony in any hearing on a contested case any person may request that the presiding officer permit that person to participate in the hearing. Any person not a party that is so permitted to participate in the hearing will be identified an intervenor in these regulations and will participate in those portions of the contested case that the presiding officer shall expressly allow.

"(b) STATUS OF A NON-PARTY THAT HAS BEEN ADMITTED TO PARTICIPATE. No grant of leave to participate in the hearing as an intervenor or in any other manner shall be deemed to be an admission by the commission that

tions of Connecticut State Agencies [for] leave to participate as a party in all proceedings related to the records sought by the Complainant." The plaintiff complained that the list was a "trade secret" and neither the health director nor the DEP could reveal the list to third persons.

On December 3, 1981, the hearing officer filed his report, in which he concluded that the list was not a trade secret and, therefore, not statutorily protected from disclosure. In his proposed report, the hearing officer construed the plaintiff's motion pursuant to § 1-21j-28 as a request to intervene, granted the plaintiff "permission to intervene . . . to the extent that [it] may participate fully in this contested case within the limits specified in § 1-21j-28," and repeatedly referred to the plaintiff as an "intervenor." See Regs., Conn. State Agencies § 1-21j-28; footnote 1, supra. The plaintiff then filed formal exceptions to the hearing commissioner's report which were heard by the full commission. The plaintiff did not except to that part of the hearing officer's proposed decision limiting the plaintiff's status to that of an intervenor. In fact, in its exception to the hearing officer's report, the plaintiff repeatedly referred to itself as an "intervenor." The commission issued its decision adopting the report of the hearing commissioner, including the plaintiff's status as intervenor, and denied the plaintiff's subsequent request for rehearing.

The plaintiff then appealed to the Superior Court which dismissed the appeals for lack of subject matter jurisdiction, on the basis of its conclusion that the plaintiff was an intervenor in the administrative proceedings, and not a party, and therefore not entitled to

the person it has permitted to participate is a party in interest that may be aggrieved by any final decision, order or ruling of the commission unless such grant of leave to participate expressly so states."

appeal. The plaintiff now appeals from that judgment of dismissal. Although the plaintiff listed five issues for appeal,[2] we need only consider whether the plaintiff was "elevated" to the status of a "party" by virtue of its full participation in the FOIC proceedings before the hearing officer.

The plaintiff argues that it was a party before the FOIC and was, therefore, entitled to appeal the decision of the FOIC. Pursuant to § 1-21j-28 of the regulations, the plaintiff became an intervenor in the action before the FOIC. The plaintiff contends that since it presented evidence and argument, cross-examined witnesses, and presented motions before the FOIC, it became a party. Moreover, the plaintiff asserts that the FOIC recognized the plaintiff as a party by sending to it the proposed decision and allowing it to make exception and to argue before the full commission. We disagree.

---

[2] In the statement of issues in its brief, the plaintiff puts forth five issues:

"1. Whether or not the trial court erred in its conclusion that the administrative appeals under its consideration should be dismissed.

"2. Whether or not the trial court erred in concluding that [the] appellant failed to press the question of its status and to seek an articulation of the decisions of the hearing commissioner and the Freedom of Information Commission to grant it only intervenor status.

"3. Whether or not the trial court erred in concluding that the privileges extended by the hearing commissioner and the Freedom of Information Commission at the hearings and the subsequent proceedings before the commission did not elevate the appellant, Stanchem, Inc., to the status of a 'party.'

"4. Whether or not the trial court erred in failing to conclude that appellant, Stanchem, Inc., was 'entitled as of right' to be a party.

"5. Whether or not the trial court erred in concluding that appellant, Stanchem, Inc., did not have standing to appeal certain administrative decisions."

In the body of its brief and in its oral argument, however, the plaintiff discussed only the third issue—whether the plaintiff achieved the status of "party" in the proceedings by virtue of having been accorded full participation in the proceedings.

Statutory authority for an administrative appeal from an FOIC decision is found in General Statutes § 1-21i (d). That section provides in part: "Any *party* aggrieved by the decision of said commission may appeal therefrom, in accordance with the provisions of section 4-183." (Emphasis added.) In the present case, the plaintiff was granted permission to intervene in the administrative proceedings, not permission to become a party to those proceedings.

The plaintiff mistakenly confuses *intervenor* status with *party* status. The FOIC granted the plaintiff permission to intervene in the proceedings within the limits specified by § 1-21j-28 of the regulations. An intervenor is permitted to participate in "those portions of the contested case that the presiding officer shall expressly allow" but does not, as the plaintiff argues, thereby acquire the status of a party to the action. Even if one with intervenor status were to participate in the proceedings as much as a party, it does not transform the designation into party status. A person becomes a party to an FOIC hearing only by designation as such in the original notice of hearing or by the express order of the presiding officer pursuant to § 1-21j-27 of the regulations.[3] An examination of § 1-21j-28 (b) of the regulations clearly reveals that one does not become a party by virtue of having attained intervenor status. See footnote 1, supra.

---

[3] Section 1-21j-27 of the Regulations of Connecticut State Agencies provides: "DESIGNATION OF PARTIES.

"In issuing the notice of hearing, the commission will designate as parties any persons known to the commission whose legal rights, duties or privileges are being determined in the contested case and any person whose participation as a party is then deemed by the commission to be necessary to the proper disposition of such proceeding. Subsequent to the issuance of the notice of hearing no other person before the commission shall have standing as a party within the definition of Sec. 4-166 (5), G.S. except upon the express order of the presiding officer."

Additionally, the FOIC regulations clearly distinguish between an intervenor and a party. Intervenor is defined in § 1-21j-12 (g) of the Regulations of Connecticut State Agencies as "each person admitted by the presiding officer as a *participant* in a contested case who is *not* a party." (Emphasis added.) Section 1-21j-12 (f) of those regulations defines a party as "each person or agency named or admitted by the commission as a party, or properly seeking and entitled as of right to be admitted . . . as a party." The plaintiff's argument that its involvement in the proceeding accorded it party status is without merit because an intervenor is permitted to participate as the plaintiff did in this case.

The plaintiff sought to participate only as an intervenor. The plaintiff never challenged before the FOIC, either by taking exception to the proposed decision pursuant to § 1-21j-38 of the regulations or otherwise, its status as an intervenor. Because the plaintiff never sought to be admitted as a party before the FOIC, we are not presented with the issue in this case of whether the decision of the FOIC to grant the plaintiff only intervenor status was improper. There is absolutely nothing in the record to support the plaintiff's contention that it is a party. Accordingly, the plaintiff lacked standing to appeal the decision of the FOIC pursuant to General Statutes § 1-21i (d).

There is no error.

In this opinion the other judges concurred.