BOARD OF PARDONS *v.* FREEDOM OF INFORMATION COMMISSION
(5498)

DALY, NORCOTT and FOTI, Js.

Argued December 8, 1987—decision released May 10, 1988

*Marianne D. Smith,* assistant general counsel, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellant (defendant).

*John F. Gill,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Stephen J. O'Neill,* assistant attorney general, for the appellee (plaintiff).

NORCOTT, J. This is an appeal by the defendant freedom of information commission (FOIC) from the decision of the trial court reversing an FOIC administrative order regarding the propriety of certain executive sessions held by the plaintiff. We find error.

The following facts are relevant to this appeal. On April 5, 1982, the plaintiff held a public meeting to consider thirty-five petitions for pardons. At this meeting, each petitioner was given an opportunity to present his case with or without witnesses or documentation. The state's attorney was then allowed to offer his opinion as to whether a pardon should be granted, and the petitioner was allowed to respond. After all the petitions were heard, the plaintiff purported to convene in executive session to consider the evidence that had been presented as well as certain documentary materials with which the members had been supplied beforehand.[1]

On April 13, 1982, the managing editor of the Journal Inquirer newspaper filed a complaint with the defendant alleging in pertinent part that the plaintiff had violated General Statutes § 1-18a (e) by illegally convening an executive session to deliberate on prison pardon applications. The complainant asked that the defendant declare null and void all actions taken at the April 5, 1982 session.

---

[1] Before the meeting, the members of the board of pardons were given packets containing the petitions and other documents the petitioners had submitted for review. Such documents included presentence investigation reports, medical reports, police reports, reports to the state's attorney, psychiatric evaluations, trial transcripts, prison records showing disciplinary actions, prison work records, and any other information the prisoner may have had.

The defendant held a hearing on the complaint on June 22, 1982. The evidence presented at the hearing comported with the facts stated above. After the close of the hearing, the defendant found that at the April 5 meeting the plaintiff had convened in executive session to discuss certain materials that were exempt from disclosure by state and federal freedom of information laws. The defendant further found, however, that the plaintiff had also considered certain materials that were not exempt. The defendant concluded that the plaintiff had failed to distinguish between the exempt and nonexempt materials and had violated General Statutes § 1-21 to the extent that it had considered nonexempt materials in executive session. The defendant declined to reverse any of the actions taken by the plaintiff at the April 5 hearing, but ordered the plaintiff henceforth to conduct its deliberations in closed session only when such deliberations would result in the disclosure of exempt records, or when otherwise permitted by the language of General Statutes § 1-18a (e).

The plaintiff appealed the defendant's order to the Superior Court. On September 10, 1986, the court issued a memorandum of decision sustaining the plaintiff's appeal. The court held that all of the petitioners' records were exempt from disclosure under General Statutes § 1-19 (b) (2).[2]

Before we can address the merits of this appeal, we must first determine whether the trial court had jurisdiction to entertain the plaintiff's appeal from the decision of the FOIC.[3] "General Statutes § 1-21i establishes

[2] In its memorandum of decision, the trial court ruled that the original complainant did not file an appearance or otherwise participate in the appeal and defaulted him for failure to appear.

[3] Our inquiry is focused on the Superior Court's jurisdiction because General Statutes § 1-21i (d) grants the FOIC standing to appeal any decision "overturning or modifying" its decision. *Zoning Board of Appeals* v. *Freedom of Information Commission*, 198 Conn. 498, 501, 503 A.2d 1161 (1986).

a right of appeal for any party aggrieved by a decision of the FOIC under the Freedom of Information Act (the act). Therefore, a showing of aggrievement is necessary to establish the Superior Court's jurisdiction over the appeal of the [plaintiff]. *Kulmacz* v. *Kulmacz,* 177 Conn. 410, 412, 418 A.2d 76 (1979)." *Zoning Board of Appeals* v. *Freedom of Information Commission,* 198 Conn. 498, 501, 503 A.2d 1161 (1986); *Stanchem, Inc.* v. *Freedom of Information Commission,* 13 Conn. App. 315, 319, 536 A.2d 592 (1988).

" ' "The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, 'the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.' . . . (Citations omitted.) *Local 1303 & Local 1378* v. *FOIC,* 191 Conn. 173, 176, 463 A.2d 613 (1983)." ' *Cannavo Enterprises, Inc.* v. *Burns,* 194 Conn. 43, 47, 478 A.2d 601 (1984); *Walls* v. *Planning & Zoning Commission,* 176 Conn. 475, 477–78, 408 A.2d 252 (1979)." *Zoning Board of Appeals* v. *Freedom of Information Commission,* supra, 502.

In this case, the plaintiff claims to have been aggrieved by a purely prospective order of the FOIC. As we have noted, the order of the FOIC did not disturb any of the actions taken by the plaintiff at the April 5 hearing. Rather, the FOIC merely ordered the plaintiff henceforth to conduct its deliberations in executive session only when the deliberations would result in the disclosure of exempt records. In *Zoning Board of Appeals* v. *Freedom of Information Commission,* supra, our Supreme Court held that a party may be aggrieved by

a purely prospective order of the FOIC. We fail to see, however, how the FOIC's order in this case affects a specific and personal interest of the plaintiff.

The plaintiff in this case has no personal interest in the confidentiality of the prisoners' records which the FOIC order precludes it from considering in executive session. The only persons who have a personal interest in the confidentiality of those records are the prisoners who are likely to be harmed if those records are published. The order in this case is unlike the order discussed in *Zoning Board of Appeals* v. *Freedom of Information Commission,* supra. The order in *Zoning Board of Appeals* affected the zoning board's personal interest in having confidential communications with its attorneys. In that case, the plaintiff was seeking to protect its own interest on appeal and was not seeking to assert the interests of another.

We find, therefore, that the plaintiff was not an aggrieved party and that the trial court did not properly have jurisdiction over the plaintiff's appeal.

There is error, the judgment is set aside and the case is remanded to the trial court with direction to render judgment dismissing the plaintiff's appeal for lack of jurisdiction.

In this opinion the other judges concurred.