[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT FREEDOM OF INFORMATION COMMISSION'S MOTION TO DISMISS
FACTUAL BACKGROUND
This is an administrative appeal pursuant to General Statutes 1-21i(d) and 4-183 from a decision rendered by the Freedom of Information Commission (FOIC). The plaintiff, John J. Kelly, Chief State's Attorney of the State of Connecticut (Kelly) is appealing from an order rendered by the FOIC in Boone v. Chief of Police of Windsor Locks, FOIC D.N. FIC 89-360, (Boone v. Chief of Police).
Kelly has brought this appeal in two counts. In the first count, Kelly is appealing the FOIC's decision denying him party status. In the second count, Kelly is appealing from the FOIC's final decision in Boone v. Chief Police.
Kelly alleges the following in his petition for appeal. Defendants Boone and Journal Inquirer instituted Boone v. Chief of Police before the FOIC to appeal the decision of the Chief of Police of Windsor Locks denying the release of a police arrest report. The plaintiff moved to intervene in the case. The FOIC granted Kelly intervenor status, not party status. Plaintiff Kelly appeared at the hearing held by the FOIC regarding Boone v. Chief of Police, and stated that he would be aggrieved by a ruling ordering the release of the records. Before the FOIC rendered its final decision on Boone v. Chief of Police, Kelly sought to be made a party by a motion duly filed. The FOIC denied Kelly's motion, and on the same date issued its final decision on Boone v. Chief of Police in which it found that the requested arrest report, except for the names and addresses of the witnesses was not exempt from disclosure under General Statutes 1-19b(b); 1-19b(3); 1-19b(4) and 1-20b.
Kelly alleges in his petition for appeal that he is aggrieved by the order and finding of the FOIC "right, duties, interests and privileges involved in the prosecution of a criminal case, by the Division of Criminal Justice, prior to CT Page 1990 disposition, are prejudiced." Kelly's petition seeks to have the court reverse the FOIC's order and also to have the court grant Kelly party status.
By motion dated November 14, 1990, pursuant to Practice Book Sec. 142, the defendant FOIC moved to dismiss Kelly's appeal for lack of subject matter jurisdiction on the ground that as an intervenor in Boone v. Chief of Police, Kelly lacks standing to institute the present appeal.
The FOIC's final decision dated September 12, 1990, reflects that before the FOIC hearing, the complainants, Boone and Journal Inquirer, had obtained a copy of the requested report "with the names and addresses of the youth and witness redacted." And thus the FOIC's decision contains the following order:
 1. The respondent (Chief of Police of Windsor Locks) shall henceforth comply with the disclosure requirements of 1-19(a), G.S.
 2. Because the respondent has now provided the complainant with copy of the requested record to the extend the commission would have ordered disclosure, the commission declines to enter another order of disclosure in this case. However, the Commission cautions the respondent to take care to comply with the law in the future or it may risk further consequence for its continuing disregard of the law.
This gives rise to the preliminary question as to whether or not this appeal is moot, the sought after information having been disclosed.
Mootness is jurisdictional. State v. Tippets-Abbett-McCarthy-Stratton,204 Conn. 177, 181 (1987). A moot claim is subject to dismissal. See Hartford Principals' and Supervisors' Association v. Shedd,202 Conn. 492, 497-98 (1987). Mootness "applies to a situation where, during the pendency of an appeal, events have occurred that make an appeals court incapable of granting practical relied through a disposition on the merits." State v. Tippets-Abbett-McCarthy-Stratton, supra, 181.
Inasmuch as the FOIC's order subjects the Chief of Police of Windsor Locks to future penalties according to the FOIC's interpretation of the relevant law, the present appeal is not moot.
ISSUE
The question remaining before this court therefore is CT Page 1991 whether plaintiff Kelly lacks standing to appeal the FOIC's decision in Boone v. Chief of Police of Windsor Locks, thereby depriving the court of subject matter jurisdiction over plaintiff Kelly's petition to appeal.
LAW AND CONCLUSION
The FOIC has moved to dismiss the instant appeal on the ground that Kelly lacks standing to appeal the FOIC's order because he had only intervenor status not party status at the FOIC hearing. In support of its argument, the FOIC relies on Stanchem, Inc. v. FOIC, 13 Conn. App. 315 (1988). In Stanchem, the Connecticut Appellate Court upheld the trial court's dismissal of the plaintiff's appeal from an FOIC order for lack of subject matter jurisdiction on the ground that the plaintiff, as only an intervenor in the FOIC proceedings, lacked standing. In so doing, the court noted, however, that,
 The plaintiff sought to participate only as an intervenor. The plaintiff never challenged before the FOIC, either by taking exception to the proposed decision pursuant to 1-21j-38 of the regulations or otherwise, its status as an intervenor. Because the plaintiff never sought to be admitted as a party before the FOIC, we are not presented with the issue in this case of whether the decision of the FOIC to grant the plaintiff only intervenor status was improper. There is absolutely nothing in the record to support the plaintiff's contention that it is a party. Accordingly, the plaintiff lacked standing to appeal the decision of the FOIC pursuant to General Statutes 1-21i(d).
Id. at 320.
Although dictum, this court is of the opinion that the foregoing language of Stanchem indicates that the Connecticut Appellate Court recognizes an entity's right to appeal an FOIC decision denying party status and to thereby seek party status for the purpose of appealing an FOIC order pursuant to General Statutes 1-21i(d) where such entity has actively sought to be made a party in the FOIC proceedings. In the present appeal, the plaintiff moved to be made a party before the FOIC rendered its final decision, which motion was denied by the FOIC. Therefore, pursuant to Stanchem, plaintiff Kelly has standing to appeal the FOIC's denial of Kelly's motion to be made a party.
Insomuch as the court could find that the FOIC improperly denied Kelly party status, the FOIC's argument that Kelly lacks standing to appeal the FOIC's order solely on the basis that he lacks "party status" is unavailing on the facts of this case. CT Page 1992 Nevertheless, even if this court were to conclude that the FOIC improperly denied Kelly party status, and that Kelly should therefore be deemed a party for the purpose of appealing the FOIC's order, it must further conclude that Kelly has not satisfied the standing requirements of General Statutes1-21i(d) and 4-183(a).
General Statutes 1-21i(d) provides in part: "Any party aggrieved by the decision of said commission (FOIC) may appeal therefrom, in accordance with the provisions of 4-183." The Connecticut Supreme Court has interpreted General Statutes1-21i(d) thusly, "only parties `aggrieved by the decision' of the FOIC have standing to take appeals to the Superior Court." Board of Pardons v. FOIC, 210 Conn. 646, 649 (1989).
General Statutes 4-183(a) provides in part, "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section . . ." The aggrievement requirement of General Statutes 4-183(a) is "essentially one of standing;" moreover, pleading and proof of aggrievement are prerequisites to the trial court's subject matter jurisdiction of an administrative appeal. Beckish v. Manafort, 175 Conn. 415, 419 (1978).
Therefore, Kelly must satisfy the aggrievement aspects of General Statutes 1-21i(d) and 4-183(a) to have standing to institute the present appeal.
Because pleading aggrievement is essential to the trial court's jurisdiction over the subject matter of an administrative appeal under General Statutes 4-183, "the trial court must be satisfied, first, that the plaintiff alleges facts which, if proven, would constitute aggrievement as a matter of law . . . `The mere statement that the appellant is aggrieved, without supporting allegations as to the particular nature of the aggrievement, is insufficient.'" (Citations omitted). Beckish v. Manafort, supra, 419; see also Ribicoff v. DPUC, 38 Conn. Sup. 24,26 (Super.Ct. 1980), aff'd. 187 Conn. 247 (1982) (failure to sufficiently allege aggrievement rendered appeal subject to motion to dismiss).
In appeals pursuant to 1-21i(d), the Connecticut Supreme Court has translated the principles of standing "into a twofold test for aggrievement that requires a showing of: (1) a specific personal and legal interest in the subject matter of the FOIC decision; and (2) a special and injurious effect on this specific interest." Board of Pardons v. FOIC, 210 Conn. 646,649 (1989). "A genuine likelihood of criminal liability or civil incarceration is sufficient to confer standing." Id. at CT Page 1993 650.
In Board of Pardons v. FOIC, the Supreme Court concluded that the Board of Pardons was aggrieved by an order of the FOIC which required the Board in the future to conduct its deliberations in public except under limited circumstances. In concluding that the Board had a "`specific and personal' interest in the validity of such an order" the court stated,
 In the future, board members are the risk of injury, in the form of criminal prosecution and sanctions, if they fail to comply with the present FOIC order. Such a risk of prosecution establishes the requisite "specific and personal interest" of the members of the board and of the board itself as their representative.
Id. at 650.
In the present case the order of the FOIC provided that:
 1. The respondent (Chief of Police of Windsor Locks) shall henceforth comply with the disclosure requirements of 1-19(a), G.S.
 2. Because the respondent has now provided the complainant with a copy of the requested record to the extent that the Commission would have ordered disclosure, the Commission declines to enter another order of disclosure in this case. However, the Commission cautions the respondent to take care to comply with the law in the future or it may risk further consequences for its continuing disregard of the law.
Kelly alleges in his petition to appeal that he is aggrieved by the FOIC's order because, "the rights, duties, interests and privileges involved in the prosecution of a criminal case, by the Division of Criminal Justice, prior to disposition, are prejudiced."
The FOIC order that is the subject of the plaintiff's appeal is directed solely at the Chief of Police of Windsor Locks. Regardless of Kelly's action, the Chief of Police may or may not decide to release arrest reports on his own initiative in the future. Thus, any harm that the plaintiff, Kelly, may suffer as a result of the FOIC's prospective order is speculative. Further, he has failed to allege facts that would, if proved, show that he is aggrieved as a matter of law by the CT Page 1994 FOIC's prospective order. Therefore, the plaintiff lacks standing to institute the present appeal pursuant to General Statutes 1-21i(d) and 4-183.
SUMMARY
Although plaintiff Kelly may be entitled to party status for purposes of appealing the FOIC decision, he lacks standing to appeal the decision because the petition for appeal fails to plead facts that would, if proved, demonstrate that plaintiff is aggrieved by the FOIC order. Therefore, the court lacks subject matter jurisdiction over the plaintiff's appeal. Accordingly, defendant FOIC's motion to dismiss plaintiff Kelly's appeal is granted.
FREED, J.